**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | CIVIL ACTION |
| | NO. 08-144 |
| vs. | |
| GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP | |

## DEFENDANTS', WOODLARK PROPERTIES, III, LP AND WOODLARK ENTERPRISES, III, LP, MOTION TO DISMISS IN LIEU OF AN ANSWER

Defendants, Woodlark Properties, III, LP and Woodlark Enterprises, III, LP, by and through their counsel, Mintzer, Sarowitz, Zeris, Ledva & Meyers, and pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(3), respectfully move this Honorable Court to dismiss Plaintiff's Complaint. In support of this motion, Defendants respectfully refer this Honorable Court to the accompanying memorandum of law. A proposed Order consistent with this motion is attached hereto.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS**

BY:___/s/ Daniel P. Bennett_____
    DANIEL P. BENNETT, ESQUIRE, I.D. 2842
    Attorney for Defendant(s), WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP
    Suite 300, 1220 North Market Street
    Wilmington, DE 19801
    (302) 655-2181
    **MSZL&M File No. 000429.000003**

Date:   April 30, 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | CIVIL ACTION |
| | NO. 08-144 |
| vs. | |
| GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, INC. | |

**MEMORANDUM OF LAW OF DEFENDANTS WOODLARK
PROPERTIES, III, LP AND WOODLARK ENTERPRISES, III, INC.
IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO JOIN
<u>NECESSARY AND INDISPENSABLE PARTIES AND FOR IMPROPER VENUE</u>**

Pursuant to Fed. R. Civ. P. 12(b)(7) and 12(b)(3), Woodlark Properties, III, LP and Woodlark Enterprises, III, Inc. ("Woodlark III"), by and through its undersigned counsel, respectfully moves this Court to dismiss St. Paul Mercury Insurance Company's Complaint for failure to join necessary and indispensable parties under Fed. R. Civ. P. 19 and for improper venue.

## STATEMENT OF FACTS

Currently pending in the Circuit Court of Cabell County, West Virginia, are multiple, consolidated actions arising from a fire on January 13, 2007 at the Emmons Jr. and Emmons Sr. apartment buildings owned by Woodlark III and managed by Alex Vence, Jr. ("Vence"). The actions ("Underlying Actions") were brought by the building's residents and their families ("Underlying Plaintiffs") for alleged damages from the fire, and name Woodlark III and Vence as defendants.[1] Plaintiffs are residents of West Virginia, Ohio, and Kentucky. (See Exhibits A-J Attached Hereto and Incorporated Herein.)

Woodlark III and Vence, in turn, have filed a Third-Party Complaint against Green Park Financial Limited Partnership ("Green Park") in each of the Underlying Actions[2] alleging that Green Park, in participating in financing the purchase of the aforementioned apartment buildings, was negligent in its recommendation of building inspectors and retention of appraisers. The Third-Party Complaint seeks indemnity and/or contribution from Green Park for any liability Woodlark III and Vence incur in the Underlying Actions. Woodlark III and Vence have also filed a Third-Party Complaint against Green Park's insurer, and the Plaintiff here, St. Paul

---

[1]    There are defendants named in the Underlying Actions in addition to Woodlark III and Vence, but their specific identities are omitted here for lack of relevance to this action/motion.
[2]    Again, there are third-party defendants named by Woodlark III and Vence in the Underlying Actions, but their specific identities are omitted here for lack of relevance to this action/motion.

Mercury Insurance Company ("St. Paul") (See Exhibit K Attached Hereto and Incorporated Herein).

St. Paul has filed this declaratory judgment action seeking a declaration that it does not owe Green Park a defense in the Underlying Actions because of an exclusion provision in the relevant policy.  The action should be dismissed, however, because St. Paul has failed to join necessary and indispensable parties, the Underlying Plaintiffs and Vence, and because its choice of venue was improper, insofar as none of the relevant events occurred in Delaware and the Underlying Actions are already properly pending in West Virginia.

## ARGUMENT

### I.    ST. PAUL MERCURY INSURANCE COMPANY HAS FAILED TO JOIN NECESSARY AND INDISPENSABLE PARTIES UNDER RULE 19.

In light of the Underlying Actions, St. Paul's failure to join the Underlying Plaintiffs and Vence, necessary and indispensable parties, in this action warrants dismissal thereof.  The Fourth Circuit has stated, "By forcing a court to examine the effects of a suit on parties not before it, Rule 19 of the Federal Rules of Civil Procedure takes account of the very real, very substantive claims to fairness on the part of outsiders that may arise in some cases." Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917 (4th Cir. 1999).

Rule 19 sets out a two-part test to determine whether a party is "necessary for adjudication of the issue," through Rule 19(a), and "indispensable to a fair resolution of the issues," through Rule 19(b). Alcoa Inc. v. Alcan Inc., 495 F. Supp. 2d 459, 463 (D. Del. 2007)(citation omitted); LP Matthews LLC v. Bath & Body Works, Inc., 458 F. Supp. 2d 211, 214 (D. Del. 2006). See also Federal Insurance Company v. Bear Industries, Inc., 2004 WL 2434303, at *3 (D. Del.)(attached as Exhibit 1).  If a plaintiff fails to join a necessary and indispensable party, the claim should be dismissed. See Alcoa, 495 F. Supp. 2d at 463 (citing

Fed. R. Civ. P. 12(b)(7)); LP Matthews LLC, 458 F. Supp. 2d at 214 (same).  The Absent

Underlying Plaintiffs and Vence Are Necessary Parties Under Rule 19(a).  Rule 19(b) is

inapplicable.

19(a) provides, in pertinent part:

> **(1)**    *Required Party.*  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> **(A)**    in that person's absence, the court cannot accord complete relief among existing parties; or
>> **(B)**    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> **(i)**    as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> **(ii)**    leave an exising party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

St. Paul has violated Rule 19(a)(1)(B)(i).  It seeks to have the issue of its coverage

responsibility to Green Park decided here but has not joined the Underlying Plaintiffs and Vence.

This Court cannot make a declaration, or otherwise dispose of the action, in the Underlying

Plaintiffs' and Vence's absences because such relief would, as a practical matter, impair and

impede their ability to protect their interests.  "No court can adjudicate directly upon a person's

right, without the party being either actually or constructively before the Court." Provident

Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 122 (1968); Bogart v. Southern

Pacific Company, 228 U.S. 137, 146 (1913).

With regard to Vence, he is a necessary party to this action because he was a manager for

Woodlark III, and therefore is covered under the same insurance policy, and has the same litigant

status, as Woodlark III. Vence, along with Woodlark III, has sued Green Park in the West Virginia state court actions, making him not only a defendant, but also a third-party plaintiff in those actions. Whatever result of this action would inure to Woodlark III would necessarily also inure to Vence, namely, potentially a determination that would strip Green Park of its coverage and leave Woodlark III and Vence with no practicable recourse for indemnification and/or contribution. Therefore, not only is Mr. Vence a necessary party, he is an indispensable party.

The Underlying Plaintiffs also have a significant and material interest in any coverage declaration involving St. Paul. Should the determination be that no coverage for Green Park exists, thereby impairing Woodlark III's and Vence's ability to satisfy any judgments against them in West Virginia state court, the Underlying Plaintiffs' interests would also necessarily be impaired. Any decision rendered in this action may leave them severely prejudiced in their recovery, thereby establishing the Underlying Plaintiffs as necessary and indispensable who must be joined in order to protect their interests.

St. Paul has also violated Rule 19(a)(1)(B)(ii). Its failure to join the Underlying Plaintiffs here leaves Woodlark III exposed to a substantial risk of incurring multiple or otherwise inconsistent judgments, factual findings and legal conclusions. If this action is allowed to proceed, Woodlark III, and Vence, could potentially be found liable in the Underlying Actions, but because of this Court's determination as to St. Paul's coverage responsibilities, be left with no real indemnification and/or contribution recourse against Green Park. Rather, the appropriate course would be for one court to decide the entire case, with all of its affected parties and involved issues. That court is the West Virginia state court, in which Green Park and St. Paul

have already been made parties to the Underlying Actions.[3]  Therefore, the Underlying Plaintiffs

and Vence are necessary parties pursuant to Rule 19(a)(1)(B)(ii) as well.

Because St. Paul has failed to join the Underlying Plaintiffs and Vence, necessary and

indispensable parties to this action, the action should be dismissed.

## II.    ST. PAUL MERCURY INSURANCE COMPANY CHOSE AN IMPROPER VENUE FOR THIS ACTION.

Venue is established pursuant to 28 U.S.C. § 1391(a) when a court has jurisdiction based

on diversity of citizenship. St. Clair Intellectual Property Consultants, Inc. v. Mirage Systems,

Inc., 419 F. Supp. 2d 620, 622 (D. Del. 2006).

Section 1391(a) provides, in pertinent part:

> (a)    A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

"The test for determining venue is not the defendant's 'contacts' with a particular district, but

rather the location of those 'events or omissions giving rise to the claim.'" St. Clair Intellectual

Property Consultants, 419 F. Supp. 2d at 623 (quoting Cottman Transmission Sys., Inc. v.

Martino, 36 F.3d 291, 294 (3d Cir. 1994)).

Delaware is an improper forum for St. Paul's action because, simply, none of the events

giving rise to, nor the property that is the subject of, the claim, much less a substantial part

thereof, occurred or are situated here.  It cannot be disputed that *the* event, the fire, occurred in

---

[3] Woodlark III and Vence have filed a Third-Party Complaint against St. Paul Mercury for declaratory relief in the West Virginia State Court action in the form attached as Exhibit A.  The issues in the Third-Party Complaint in that action and the issues in this action are identical.

West Virginia, or that *the* property, the apartment building, is similarly situated in West Virginia, not Delaware. St. Clair specifically clarifies that the appropriate determining factor for venue is the location of the "events … giving rise to the claim," and not a "defendant's contacts with a particular district." Therefore, the fact that Woodlark III are Delaware business entities is of no matter. Regardless of how much contact Woodlark III has with Delaware, the only appropriate consideration is where the relevant events occurred and/or property is situated – West Virginia.

Moreover, a lawsuit is already pending in West Virginia which makes not only complete legal, but procedural, sense. Specifically, Woodlark III has joined St. Paul in that action as a Third-Party Defendant seeking a declaration that St. Paul is obligated to cover/indemnify Green Park in the Underlying Actions. (Woodlark III's Third-Party Complaint Attached Hereto as Exhibit K.) So, the same, appropriate court – the West Virginia state court – will decide the coverage issue as well all issues of the underlying parties in interest. Therefore, not only is there an already existing avenue for St. Paul's presented inquiry, which means that it would suffer no harm by this action's dismissal, but all of the cases' relevant issues will be before the same, again *appropriate*, court.

Nothing set forth in St. Paul's Complaint suggests that this analysis pursuant to §1391(a)(2) is incorrect. It is not as if, for example, St. Paul even alleges or states that its insurance contract with Green Park was negotiated or executed in Delaware. Rather, St. Paul wholly focuses on the location of the fire – the apartment buildings, in West Virginia. That, then, seemingly solidifies what is already apparent. Delaware was an improperly chosen venue.

Finally, subsection (2) of §1391(a) is the proper clause for the analysis here because neither of the other two provisions apply. All defendants do not reside in the same state as required by §1391(a)(1) for venue to be proper in that instance.[4]

Similarly, §1391(a)(3) does not apply because there is a district in which the action may otherwise be brought, namely West Virginia.

Therefore, St. Paul's action should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).[5]

## CONCLUSION

For the foregoing reasons, St. Paul Mercury Insurance Company's declaratory judgment Complaint should be dismissed for failure to join necessary and indispensable parties and for improper venue.

MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

_____/s/ Daniel P. Bennett_____
DANIEL P. BENNETT, ESQ., I.D. 2842
Attorney for Defendant(s), WOODLARK PROPERTIES, III,
LP, AND WOODLARK ENTERPRISES, III, INC.
Suite 300, 1220 North Market Street
Wilmington, DE 19801
(302) 655-2181

Date:  April 30, 2008          MSZL&M File No. 000429.000003

---

[4] Woodlark III is a Delaware corporation, whereas Green Park is a Maryland corporation. Moreover, as set forth in Argument I, Underlying Plaintiffs and Vence are necessary and indispensable parties. They reside in the States of West Virginia, Ohio and Kentucky.

[5] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . . such case . . . . " 28 U.S.C. § 1406(a).

411270                                    7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | CIVIL ACTION |
| vs. | NO. 08-144 |
| GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP | |

## ORDER

IT IS HEREBY ORDERED, this _____ day of _____, 2008, upon consideration of Defendants', Woodlark Properties, III, LP and Woodlark Enterprises, III, LP, motion to dismiss in lieu of an Answer, and all responses thereto, that Defendants' motion is ***GRANTED*** and Plaintiff's Complaint is ***DISMISSED*** with prejudice.

_____
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | CIVIL ACTION |
| | NO. 08-144 |
| vs. | |
| GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP | |

**APPLICATION FOR ORAL ARGUMENT ON DEFENDANTS', WOODLARK PROPERTIES, III, LP AND WOODLARK ENTERPRISES, III, LP, MOTION TO DISMISS IN LIEU OF AN ANSWER**

Pursuant to Delaware District Court Local Rule 7.1.4, Defendants, Woodlark Properties, III, LP and Woodlark Enterprises, III, LP, hereby make an application for oral argument on their Motion to Dismiss in Lieu of an Answer, filed contemporaneously herewith.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS**

BY:     /s/ Daniel P. Bennett
DANIEL P. BENNETT, ESQUIRE, I.D. 2842
Attorney for Defendant(s), WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP
Suite 300, 1220 North Market Street
Wilmington, DE 19801
(302) 655-2181
**MSZL&M File No. 000429.000003**

Date:   April 30, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ST. PAUL MERCURY INSURANCE      : C.A. NO. 08-144
COMPANY,
                   Plaintiff,      :
                                    :
              vs.                    :
                                    : 12 JUROR TRIAL DEMANDED
GREEN PARK FINANCIAL, LP,
WOODLARK PROPERTIES, III, LP, AND
WOODLARK ENTERPRISES, III, LP,
                   Defendants.

## CERTIFICATE OF SERVICE

     I, DANIEL P. BENNETT, do hereby certify that on the 30th day of April 2008

true and correct copies of Defendants', Woodlark Properties, III, LP and Woodlark

Enterprises, III, LP, Motion to Dismiss in Lieu of an Answer, Memorandum of Law in

Support of the Motion to Dismiss, and Application for Oral Argument on the Motion to

Dismiss, were forwarded to counsel as follows via CM/ECF e-filing and first class mail:

Neal J. Levitsky, Esquire
FOX ROTHSCHILD, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS**

        /s/ Daniel P. Bennett
DANIEL P. BENNETT I.D. 2842
1220 North Market Street, Suite 300
Wilmington, DE 19801
Attorney for Defendant, WOODLARK PROPERTIES, III, LP,
AND WOODLARK ENTERPRISES, III, LP
**MSZL&M File No. 000429.000003**

411276

# EXHIBIT A

POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

That I, JENNIFER MARIE HILL, now SZILVASI, of Hinton, West Virginia, have made, constituted and appointed, and by these presents do make, constitute and appoint, my parents, JOSEPH JOHN SZILVASI and NANCY JANE SZILVASI of Hinton, West Virginia, guardians of my son, namely, BENJAMIN JOSEPH HILL, and do hereby grant unto the said Joseph John Szilvasi and Nancy Jane Szilvasi, my permission to exercise all the rights and privileges guaranteed unto them under the laws of the State of West Virginia which may be necessary for them to administer, or to have administered any medical treatments or care, dental care, school enrollment privileges, Insurance coverage plans, monetary support, or to make such expenditures as may be necessary in connection with the benefit and welfare of the said Benjamin Joseph Hill, to sign, execute, acknowledge and deliver in my name all documents as they think proper relating to said care and privileges; and I hereby give and grant unto my said attorneys full power and authority to do and perform all and every act and thing that is necessary to be done which they may deem necessary to provide proper care and support as I might or could do if I were personally present and responsible for the personal welfare of the said Benjamin Joseph Hill.

This Power of Attorney is hereby revocable at will by the said Jennifer Marie Hill, now Szilvasi, and upon said revocation the same shall be deemed null and void.

IN WITNESS WHEREOF, I have hereunto set my hand and seal on this the 27th day of January, 1992.

_Jennifer Marie Hill Szilva_
JENNIFER MARIE HILL, now Szilvasi

STATE OF WEST VIRGINIA
COUNTY OF SUMMERS, TO-WIT:

I, _Michelle J. Basham_, a Notary Public in and for the county and state aforesaid, do hereby certify that Jennifer Marie Hill, now Szilvasi, whose name is signed to the foregoing Power of Attorney, has on this day personally acknowledged the same before me in my county and state.

Given under my hand on this the 27th day of January, 1992.

My commission expires: _January 3, 2000_

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MICHELLE J. BASHAM
1505 TEMPLE ST.
HINTON, WV 25951
My Commission Expires January 3, 2000

_Michelle J. Basham_
Notary Public

EXHIBIT

Prepared by:
Ziegler & Gunnoe

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

JENNIFER M. SZILVASI, Administratrix of
the Estate of Joseph John Szilvasi, deceased,

        Plaintiffs,

vs.                        CIVIL ACTION NO. 07-C-0229
                             JUDGE David M. Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES III, INC.,
WOODLARK PROPERTIES IV, INC.,
BUILDING EVALUATION SERVICES
TECHNOLOGY, INC.,
CONTINENTAL CASUALTY COMPANY,
and JAMES RIVER INSURANCE COMPANY,

        Defendants.

## SECOND AMENDED COMPLAINT

### Parties and Preliminary Facts

1.    The Plaintiff Jennifer M. Szilvasi, is the duly appointed and authorized Administrator of the Estate of Joseph John Szilvasi, deceased.   A copy of the Appointment of Administrator is attached hereto as **Exhibit A.**

2.    The Plaintiff Jennifer M. Szilvasi is the daughter of Joseph John Szilvasi, deceased.

3.    The Defendant Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries is and has been at all times relevant herein, a limited partnership organized in the State of Delaware with a

YRUS & ADKINS
ATTORNEYS AND
OUNSELORS AT LAW
636 Fourth Avenue
P. O. Box 2144
ntington, W. Va. 25722-2144

principal office or place of business in the State of New York and which conducts

business in Cabell County, West Virginia.

    4.    The Defendant, Woodlark Enterprises III, Inc. is and has been at all times

relevant herein, a corporation incorporated in the State of Delaware, with a principal

office or place of business in the State of New York and which conducts business in

Cabell County, West Virginia.

    5.    Upon information and belief, the Defendant Woodlark Enterprises III, Inc.

is the general partner of Defendant Woodlark Properties III, LP.

    6.    The Defendant Woodlark Properties IV, Inc. is and has been at all times

material herein a corporation incorporate in the State of Delaware, with a principal

office or place of business in the State of New York and which conducts business in

Cabell County, West Virginia.

    7.    The Defendant Alex Vence, Jr. is and has been at all times relevant herein

a citizen and resident of Cabell County, West Virginia.

    8.    The Defendant Building Evaluation Services and Technology, Inc.

("BEST") its predecessors, successors, assigns, agents, associates, affiliates, principals

and subsidiaries is now and at all times material herein, has been a corporation

incorporated under the laws of the State of Maryland having its principal place of

business in the State of Maryland, and which does business in Cabell County, West

Virginia.

2

9.     The Defendant Continental Casualty Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business in the State of Illinois, and which does business in Cabell County, West Virginia, including the issuance of insurance polic(ies) to provide coverage for risks residing or located in Cabell County, West Virginia.

10.     The Defendant James River Insurance Company is a corporation formed under the laws of Virginia, while doing business in Cabell County, West Virginia, including the issuance of insurance polic(ies) to provide coverage for risk residing or locating in Cabell County, West Virginia.

11.     The Defendants Woodlark Properties III, LP, Woodlark Enterprises III, Inc., its predecessors, successors, agents or assigns, at all times relevant herein, individually or jointly, either owned, operated, managed and/or controlled an apartment building and complex located in the 1200 block of Third Avenue in Huntington, West Virginia known as and referred to as the Emmons, Jr. and leased or rented, for profit, apartments to tenants.

12.     The Defendant Alex Vence, at all times material herein, participated in the management and/or operation of the Emmons, Jr. apartment building and complex. Furthermore, Defendant Woodlark Properties IV, LLC, its/their predecessors, successors, agents and assigns combined either individually or as a joint venture, its property, money, effects, skill and knowledge with Defendants Woodlark Properties

3

63.    The CNA insurance policy further provides that professional real estate services means services rendered by an insured for others as a property manager.

64.    The claims asserted against Defendant Vence include allegations of negligence in providing services as a property manager.

65.    Alternatively, the CNA insurance policy is ambiguous and the reasonable expectations of an insured require CNA to provide a defense to Defendant Vence and to indemnify Defendant Vence for the sums or amounts he is legally obligated to pay the Plaintiffs herein as damages.

66.    A real controversy exists as to coverage under the CNA insurance policy and the Plaintiff now seeks a declaration of rights under the policy as provided by West Virginia Code § 55-13-1, et seq.

<u>Thirteenth Cause of Action</u>
<u>Declaratory Judgment on James River Insurance</u>
<u>Company's Obligations</u>

67.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 66 herein, as if fully rewritten herein and for their separate Cause of Action for Damages, states as follows:

68.    Defendant James River Insurance Company issued a Commercial General Liability Insurance policy to Defendants Woodlark Properties, IV, LLC under policy number 00006351-2.

69.    Said insurance policy was in full force and effect at pertinent times material to the issues related to this declaratory judgment action.

18

70. Defendant Woodlark Properties IV, LLC was an insured under the subject policy issued by Defendant James River Insurance Company.

71. The subject policy issued by Defendant James River Insurance Company provides indemnity for Defendant Woodlark Properties IV, LLC for any sums the insured becomes legally obligated to pay as damages to which the subject policy applies, including without limitation, such claims as the insured becomes legally obligated to pay for allegations of joint venture.

72. Defendant Woodlark Properties IV, LLC timely presented the Plaintiffs Complaint to Defendant James River Insurance Company for defense and/or indemnity.

73. Defendant James River Insurance Company, by letter dated November 13, 2007, indicated that it is defending and insuring this action under a full reservation of rights.

74. The claims asserted against Defendant Woodlark Properties IV, LLC include allegations of negligence, misrepresentation and breach of warranty arising out of the actions and/or inactions of Defendant Woodlark Properties IV, LLC, all of which claims are within the scope of the subject policy.

75. Alternatively, the subject policy issued by Defendant James River Insurance Company is ambiguous and the reasonable expectations of an insured require Defendant James River Insurance Company to provide a defense to Defendant Woodlark Properties IV, LLC and to indemnify Defendant Woodlark

19

Properties IV, LLC for the sums or amounts that Defendant Woodlark Properties IV, LLC is legally obligated to pay the Plaintiffs herein as damages.

76. A real controversy exists as to coverage under the subject policy issued by Defendant James River Insurance Company and the Plaintiff now seeks a declaration of rights under the subject policy as provided by West Virginia Code sections 55-13-1, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer M. Szilvasi, Administratrix for the Estate of Joseph John Szilvasi demand judgment from the Defendants Woodlark Properties III, LP, Woodlark Enterprises III, Inc., Woodlark Properties IV, LLC, Defendant Alex Vence, Defendant Building Evaluation Services and Technology jointly and severally for compensatory and punitive damages in an amount which exceeds the jurisdiction limits of this Court and as decided by a jury and for such other relief to which the Plaintiff may be entitled. The Plaintiff Jennifer M. Szilvasi, Administratrix of the Estate of Joseph John Szilvasi further prays that this Court determine the duties and obligations of Defendant Continental Casualty Company under Real Estate Errors and Omissions Liability Policy issued to Realty Advantage, Inc. d/b/a RE/MAX Professional Advantage and to determine that the subject insurance policy provides and requires the Defendant Continental Casualty Company to defend and indemnify the Defendant Alex Vence for the claims asserted against him by the Plaintiff herein.

Further, Plaintiff prays that this Court determine the duties and obligations of Defendant James River Insurance Company under the Commercial General Liability

20

Policy issued to Defendant Woodlark Properties IV, LLC and determine that the

subject insurance policy provides and requires Defendant James River Insurance

Company to defend and indemnify Defendant Woodlark Properties IV, LLC for the

claims asserted against it by the Plaintiff herein.

      **TRIAL BY JURY IS DEMANDED.**

                                      JENNIFER M. SZILVASI, Administrator
of the Estate of Joseph John Szilvasi,
deceased
BY COUNSEL

S. Douglas Adkins (SB #80)
John F. Cyrus (SB #915)
CYRUS & ADKINS
636 FOURTH AVENUE
HUNTINGTON, WV 25701
(304) 522-9593

21

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

JENNIFER M. SZILVASI, Administratrix of
the Estate of Joseph John Szilvasi, deceased,

        Plaintiffs,

vs.                              CIVIL ACTION NO. 07-C-0229
                                   JUDGE David M. Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES III, INC.,
WOODLARK PROPERTIES IV, INC.,
BUILDING EVALUATION SERVICES
TECHNOLOGY, INC.,
CONTINENTAL CASUALTY COMPANY,
and JAMES RIVER INSURANCE COMPANY,

        Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for the plaintiff does hereby certify that he served the

foregoing **PLAINTIFF JENNIFER M. SZILVASI, ADMINISTRATRIX OF THE**

**ESTATE JOSEPH JOHN SZILVASI, SECOND AMENDED COMPLAINT** by mailing

a true copy thereof by United States Mail, postage prepaid, to the following:


Dwight G. Staples, Esquire
*Henderson, Henderson & Staples*
711-1/2 Fifth Ave
Huntington WV 25701

D. Arthur Rabourn, Esquire
*Waite, Schneider, Bayless, Chesley Co., LPA*
1513 4th & Vine Tower
1 West Fourth Street
Cincinnati OH 45702

David Duffield, Esquire
Chad S. Lovejoy, Esquire
*Duffield & Lovejoy*
P O Box 608
Huntington WV 26003-0608

Christopher M. Davis, Esquire
John D. Wooton, Esquire
201 N. Kanawha Street
Beckley WV 25801

Xi Scott Wang, Esquire
919 Old Henderson Road, Ste 400
Columbus OH 43220

Daniel T. Yon, Esquire
Todd A. Biddle, Esquire
*Bailes, Craig & Yon*
401 10th St., St. 500
Huntington WV 25720

Jennifer Keadle Mason, Esquire
*Mintzer, Sarowitz, Zeris, Ledva & Meyers*
Dominion Tower, Suite 390
625 Liberty Avenue
Pittsburgh, Pennsylvania 15222

Dale A. Buck, Esquire
*Law Office of Dale Buck, PLLC*
100 N Maple Ave., Ste 300
Martinsburg WV 25401

Kenneth Webb, Jr., Esquire
Bowles, Rice, McDavid, Graff & Love
P.O. Box 1386
Charleston, WV 25325

Chris Beck, Esquire
Rosslyn Commons Building
333 Baldwin Road. 3rd Floor
Pittsburgh, PA 25205

Perry M. Amsellem, Esquire
Pryor & Cashman
410 Park Avenue
New York, New York 10022

Andrew G. Fusco, Esquire
Eckert, Seamens, Cherin & Mellot
2400 Cranberry Square
Morgantown, West Virginia 26508-9209


Dated: this the 25th day of January, 2008.


_____
S. DOUGLAS ADKINS, WVSB #80

# EXHIBIT B



IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

SIDNEY L. HARMON, Administrator of
the Estate of Joseph Briar Harmon, deceased,
and JEANNE T. HARMON, individually,

        Plaintiffs,

vs.                                  CIVIL ACTION NO. 07-C-0105
                                  JUDGE David M. Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES III, INC.,
WOODLARK PROPERTIES IV, INC.,
BUILDING EVALUATION SERVICES
TECHNOLOGY, INC.,
CONTINENTAL CASUALTY COMPANY;
and JAMES RIVER INSURANCE COMPANY,

        Defendants.

## SECOND AMENDED COMPLAINT

### Parties, Jurisdiction and Venue

1.     Plaintiff Sidney L. Harmon is the duly appointed and authorized Administrator of the Estate of Joseph Briar Harmon, deceased.  A copy of the Appointment of Administrator is attached hereto as **Exhibit A**.

2.     Plaintiff Jeanne T. Harmon is the natural mother of the decedent, Joseph Briar Harmon.

3.     Defendant Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries is, and has been at all times relevant herein, a limited partnership organized in the State of Delaware with a

CYRUS & ADKINS
ATTORNEYS AND
COUNSELORS AT LAW
636 Fourth Avenue
P.O. Box 2144
Huntington, W. Va. 25722-2144

principal office or place of business in the State of New York and which conducts business in Cabell County, West Virginia.

4.    Defendant Woodlark Enterprises III, Inc., is, and has been at all times relevant herein, a corporation incorporated in the State of Delaware, with a principal office or place of business in the State of New York and which conducts business in Cabell County, West Virginia.

5.    Upon information and belief, Defendant Woodlark Enterprises III, Inc., is the general partner of Defendant Woodlark Properties III, LP.

6.    Defendant Woodlark Properties IV, Inc., is, and has been at all times material herein, a corporation incorporate in the State of Delaware, with a principal office or place of business in the State of New York and which conducts business in Cabell County, West Virginia.

7.    Defendant Alex Vence, Jr., is, and has been at all times relevant herein, a citizen and resident of Cabell County, West Virginia.

8.    Defendant Building Evaluation Services and Technology, Inc. ("BEST") its predecessors, successors, assignees, agents, associates, affiliates, principals and subsidiaries is, and at all times material herein, a corporation incorporated under the laws of the State of Maryland having its principal place of business in the State of Maryland, and which does business in Cabell County, West Virginia.

2

TRIAL BY JURY IS DEMANDED.

SIDNEY L. HARMON, Administrator of
the Estate of Joseph Briar Harmon, deceased
and Jeanne T. Harmon, individually

BY COUNSEL

S. Douglas Adkins (SB #80)
John F. Cyrus (SB #915)
CYRUS & ADKINS
636 FOURTH AVENUE
HUNTINGTON, WV 25701
(304) 522-9593

22

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

SIDNEY L. HARMON, Administrator of
the Estate of Joseph Briar Harmon, deceased,
and JEANNE T. HARMON, individually,

        Plaintiffs,

vs.                                        CIVIL ACTION NO. 07-C-0105
                                           JUDGE David M. Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES III, INC.,
WOODLARK PROPERTIES IV, INC.,
BUILDING EVALUATION SERVICES
TECHNOLOGY, INC.,
CONTINENTAL CASUALTY COMPANY;
and JAMES RIVER INSURANCE COMPANY,

        Defendants.

### CERTIFICATE OF SERVICE

The undersigned counsel for the plaintiffs do hereby certify that he served the

foregoing **PLAINTIFFS SIDNEY L. HARMON, ADMINISTRATOR OF THE**

**ESTATE OF JOSEPH BRIAR HARMON** and **JEANNE T. HARMON, individually,**

**SECOND AMENDED COMPLAINT** by mailing a true copy thereof by United States

Mail, postage prepaid, to the following:

Dwight G. Staples, Esquire
*Henderson, Henderson & Staples*
711-1/2 Fifth Ave
Huntington WV 25701

D. Arthur Rabourn, Esquire
*Waite, Schneider, Bayless, Chesley Co., LPA*
1513 4th & Vine Tower
1 West Fourth Street
Cincinnati OH 45702

23

David Duffield, Esquire
Chad S. Lovejoy, Esquire
*Duffield & Lovejoy*
P O Box 608
Huntington WV 26003-0608

Christopher M. Davis, Esquire
John D. Wooton, Esquire
201 N. Kanawha Street
Beckley WV 25801

Xi Scott Wang, Esquire
919 Old Henderson Road, Ste 400
Columbus OH 43220

Daniel T. Yon, Esquire
Todd A. Biddle, Esquire
*Bailes, Craig & Yon*
401 10th St., St. 500
Huntington WV 25720

Jennifer Keadle Mason, Esquire
*Mintzer, Sarowitz, Zeris, Ledva & Meyers*
Dominion Tower, Suite 390
625 Liberty Avenue
Pittsburgh, Pennsylvania 15222

Dale A. Buck, Esquire
*Law Office of Dale Buck, PLLC*
100 N Maple Ave., Ste 300
Martinsburg WV 25401

Kenneth Webb, Jr., Esquire
Bowles, Rice, McDavid, Graff & Love
P.O. Box 1386
Charleston, WV 25325

Chris Beck, Esquire
Rosslyn Commons Building
333 Baldwin Road. 3rd Floor
Pittsburgh, PA 25205

24

Perry M. Amsellem, Esquire
Pryor & Cashman
410 Park Avenue
New York, New York 10022

Andrew G. Fusco, Esquire
Eckert, Seamens, Cherin & Mellot
2400 Cranberry Square
Morgantown, West Virginia 26508-9209


Dated: this the 25th day of January, 2008.

_____
S. DOUGLAS ADKINS, WVSB #80

25

# EXHIBIT C

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

1.   STACEY E. YANCEY, as
     ADMINISTRATRIX of the
     Estate of Beatrice Devore Yancey, Deceased,
              *Plaintiff,*

     <u>AND</u>

     MARCIA LUCAS, individually, and as
     ADMINISTRATRIX of the ESTATES OF
     BENJAMIN LUCAS, deceased, QUENTIN
     LUCAS, deceased and ANGEL LUCAS,
     deceased, and JONATHAN M. LUCAS,
     TINIA M. STRATTON and GRANT
     COPELAND, individually,

              *Plaintiffs,*

     vs.                                  Civil Action No. 07-C-105
                                          Honorable Judge David Pancake

     WOODLARK PROPERTIES III, LP,
     WOODLARK ENTERPRISES, III, INC.,
     WOODLARK PROPERTIES IV, LLC,
     ALEX VENCE, BUILDING EVALUATION
     SERVICES AND TECHNOLOGY, INC.,
     CONTINENTAL CASUALTY COMPANY, and
     JAMES RIVER INSURANCE COMPANY,

              *Defendants,*

     <u>AND</u>

     FARMERS AND MECHANICS INSURANCE
     COMPANY OF WEST VIRGINIA,
              *Plaintiff-Intervenor.*


2.   SIDNEY L. HARMON, as ADMINISTRATOR
     of the Estate of JOSEPH BRIAR HARMON, Deceased,
              *Plaintiff,*

     vs.                                  Civil Action No. 07-C-0138
                                          Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
     *Defendants.*

3.    JENNIFER M. SZILVASI, as
ADMINISTRATRIX of the Estate
of JOSEPH JOHN SZILVASI, Deceased,
    *Plaintiff,*

vs.                          Civil Action No. 07-C-0229
                            Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
     *Defendants.*

4.    HOLLEY GOODSON, as ADMINISTRATRIX
of the Estate of Ann Saleh, Deceased,
    *Plaintiff,*

vs.                          Civil Action No. 07-C-486
                            Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
     *Defendants.*

5.    ASHLEY JUSTUS, as ADMINISTRATRIX of
the Estate of Seth Justus, Deceased,
    *Plaintiff,*

- 2 -

vs.                                                  Civil Action No. 07-C-486
                                                     Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
        *Defendants.*

6.    LIN YUAN,
            *Plaintiff,*

      vs.                                            Civil Action No. 07-C-495
                                                     Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
        *Defendants.*

7.    BEI WANG,
            *Plaintiff,*

      vs.                                            Civil Action No. 07-C-496
                                                     Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
        *Defendants.*

8.    MICHAEL MACERA, as ADMINISTRATOR
      of the Estate of Mary Biss, Deceased,
            *Plaintiff,*

vs.                                      Civil Action No. 07-C-501
                                         Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
        *Defendants.*

9.    JAMES N. HALE,
           *Plaintiff,*

vs.                                      Civil Action No. 07-C-507
                                         Honorable Judge David Pancake

WOODLARK PROPERTIES III, LP,
WOODLARK ENTERPRISES, III, INC.,
WOODLARK PROPERTIES IV, LLC,
ALEX VENCE, BUILDING EVALUATION
SERVICES AND TECHNOLOGY, INC., and
CONTINENTAL CASUALTY COMPANY,
        *Defendants.*


**THIRD AMENDED COMPLAINT OF PLAINTIFFS MARCIA LUCAS,
INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATES OF
BENJAMIN LUCAS, QUENTIN LUCAS AND ANGEL LUCAS, AND
JONATHAN M. LUCAS, TINIA M. STRATTON AND GRANT
COPELAND, INDIVIDUALLY**

COME NOW the Plaintiffs, Marcia Lucas, individually and as Administratrix of

the Estates of Benjamin Lucas, Angel Lucas and Quentin Lucas, and Jonathan M.

Lucas, Tinia M. Stratton and Grant Copeland, by and through counsel, L. David

Duffield, Esq., Chad S. Lovejoy, Esq. and Duffield & Lovejoy, PLLC, and for their Third

Amended Complaint, state as follows:

- 4 -

## JURISDICTION AND VENUE

1.    Plaintiff Marcia Lucas is the duly appointed and qualified Administratrix of the Estate of Benjamin Lucas, deceased, by Order of the Clerk of the County Commission of Lincoln County, West Virginia.

2.    Plaintiff Marcia Lucas is the duly appointed and qualified Administratrix of the Estate of Quentin Lucas, deceased, by Order of the Clerk of·the County Commission of Lincoln County, West Virginia.

3.    Plaintiff Marcia Lucas is the duly appointed and qualified Administratrix of the Estate of Angel Lucas, deceased, by Order of the Clerk of the County Commission of Lincoln County, West Virginia.

4.    Plaintiff Marcia Lucas is, and was at all relevant times herein, a resident of Lincoln County, West Virginia.

5.    Plaintiff, Jonathan M. Lucas is, and was at all relevant times herein, a resident of Lincoln County, West Virginia.

6.    Plaintiff Tinia M. Stratton is, and was at all relevant times herein, a resident of Lincoln County, West Virginia.

7.    Plaintiff Grant Copeland is, and was at all relevant times herein, a resident of Cabell County, West Virginia.

8.    Defendant Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a limited partnership formed under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in Cabell County, West Virginia.

- 5 -

9.     Defendant Woodlark Enterprises III, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in Cabell County, West Virginia.

10.     Upon information and belief, Defendant Woodlark Enterprises III, Inc. is the general partner of Defendant Woodlark Properties III, LP.

11.     Upon information and belief, Defendant Woodlark Properties IV, LLC, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a limited liability company formed under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

12.     Defendant Alex Vence is now, and at all times mentioned herein has been, a citizen and resident of the Cabell County, West Virginia.

13.     Defendant Building Evaluation Services and Technology, Inc. (hereinafter "BEST"), its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Maryland, having its principal place of business in the State of Maryland, while doing business in Cabell County, West Virginia.

14.     Defendant Continental Casualty Company is a corporation formed under the laws of Illinois, while doing business in Cabell County, West Virginia,

- 6 -

## CERTIFICATE OF SERVICE

The undersigned, counsel for Plaintiffs, hereby certifies that service of the foregoing "MOTION BY PLAINTIFF MARCIA LUCAS, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATES OF BENJAMIN LUCAS, QUENTIN LUCAS AND ANGEL LUCAS, AND BY JONATHAN M. LUCAS AND TINIA M. STRATTON, INDIVIDUALLY, FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT JOINING ADDITIONAL PARTIES AND CLAIMS" has been completed by depositing a true and exact copy thereof in the U.S. Mail, first class postage prepaid, addressed as follows:

Dwight J. Staples, Esq.
Gail Henderson-Staples, Esq.
711-1/2 Fifth Avenue
Huntington, WV 25701-2010

Daniel T. Yon, Esq.
Todd Biddle, Esq.
P.O. Box 1926
Huntington, WV 25720-1926

S. Douglas Adkins, Esq.
John F. Cyrus, Esq.
636 Fourth Avenue
Huntington, WV 25701

Dale A. Buck, Esq.
100 North Maple Ave., Ste. 300
Martinsburg, WV 25401

John Wooten, Esq.
Christopher Davis, Esq.
210 Main Street
Beckley, WV 25801

Perry M. Amsellem, Esq.
Pryor Cashman LLP
410 Park Avenue
New York, NY 10022

Andrew G. Fusco, Esq.
Eckert Seamans Cherin & Mellott PLLC
2400 Cranberry Square
Morgantown, WV 26508-9209

D. Arthur Rabourn, Esq.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 25202

Jennifer K. Mason, Esq.
Dominion Tower, Suite 390
625 Liberty Avenue
Pittsburgh, PA 15222

Scott Mason, Esq..
Rico Moore, Esq.
179 Summer Street, Suite 314
Charleston, WV 25301

Scott Wang, Esq.
555 City Park Avenue
Columbus, OH 43215

Thomas V. Flaherty, Esq.
Flaherty, Sensabaugh & Bonasso, PLLC
P.O. Box 3843
Charleston, WV 25338-3843

Kenneth E. Webb, Jr. Esq.
Carol M. Jansons, Esq.
Bowles Rice McDavid Graff & Love, LLP
P.O. Box 1386
Charleston, WV 25325-1386

this the 22nd day of **January, 2008**.

L. David Duffield, Esquire (W.Va. Bar 4585)
Chad S. Lovejoy, Esquire (W.Va. Bar 7478)
**DUFFIELD & LOVEJOY, PLLC**
P.O. Box 608
Huntington, WV 25710-0608
(304) 522-3038

## CERTIFICATE OF SERVICE

The undersigned, counsel for Plaintiffs Marcia Lucas, individually and as Administratrix of the Estates of Benjamin Lucas, Angel Lucas and Quentin Lucas, and Jonathan M. Lucas, Tinia M. Stratton and Grant Copeland, individually hereby certifies that service of the foregoing "THIRD AMENDED COMPLAINT OF PLAINTIFFS MARCIA LUCAS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATES OF BENJAMIN LUCAS, QUENTIN LUCAS AND ANGEL LUCAS, AND JONATHAN M. LUCAS, TINIA M. STRATTON AND GRANT COPELAND, INDIVIDUALLY," which was deemed filed by Hon. Judge David Pancake on February 11, 2008 has been completed through the WV Secretary of State upon the following:

JAMES RIVER INSURANCE COMPANY
7130 Glen Forest Drive, Suite 210
Richmond, VA 23226

and by depositing a true and exact copy thereof, first class postage prepaid, in the U.S. Mail as follows:

Dwight J. Staples, Esq.
Gail Henderson-Staples, Esq.
711-1/2 Fifth Avenue
Huntington, WV 25701-2010

Daniel T. Yon, Esq.
Todd Biddle, Esq.
P.O. Box 1926
Huntington, WV 25720-1926

S. Douglas Adkins, Esq.
John F. Cyrus, Esq.
636 Fourth Avenue
Huntington, WV 25701

D. Arthur Rabourn, Esq.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 25202

Jennifer K. Mason, Esq.
Dominion Tower, Suite 390
625 Liberty Avenue
Pittsburgh, PA 15222

Scott Mason, Esq..
Rico Moore, Esq.
179 Summer Street, Suite 314
Charleston, WV 25301

Scott Wang, Esq.
555 City Park Avenue
Columbus, OH 43215

Andrew G. Fusco, Esq.
Eckert Seamans Cherin & Mellott PLLC
2400 Cranberry Square
Morgantown, WV 26508-9209

John Wooten, Esq.
Christopher Davis, Esq.
210 Main Street
Beckley, WV 25801

Thomas V. Flaherty, Esq.
Justin D. Jack, Esq.
Flaherty, Sensabaugh & Bonasso, PLLC
P.O. Box 3843
Charleston, WV 25338-3843

Jospeph M. Farrell, Jr., Esq.
Farrell, Farrell & Farrell
914 Fifth Avenue
Huntington, WV 25701

Kenneth E. Webb, Jr. Esq.
Carol M. Jansons, Esq.
Bowles Rice McDavid Graff & Love, LLP
P.O. Box 1386
Charleston, WV 25325-1386

this the 12th day of March, 2008.

L. David Duffield, Esquire (W.Va. Bar 4585)
Chad S. Lovejoy, Esquire (W.Va. Bar 7478)
**DUFFIELD & LOVEJOY, PLLC**
P.O. Box 608
Huntington, WV 25710-0608
(304) 522-3038

# EXHIBIT D

WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES
BUREAU FOR PUBLIC HEALTH - VITAL REGISTRATION
PHYSICIANS / MEDICAL EXAMINER'S CERTIFICATE OF DEATH
ROOM 165, 350 CAPITOL STREET, CHARLESTON, WV 25301

AMENDED
3-21-2007

001142

STATE FILE NUMBER

**DECEDENT**

1 DECEDENT'S NAME (First, Middle, Last): BEATRICE DEVORE YANCEY
2 SEX: F
3 DATE OF DEATH (Month, Day, Year): 13 Jan 2007

4 SOCIAL SECURITY NUMBER: 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
5a AGE-Last Birthday: 45
5b UNDER 1 YEAR — Months / Days
5c UNDER 1 DAY — Hours / Mins
6 DATE OF BIRTH (Month, Day, Year): 11-10-1961
7 BIRTHPLACE (City and State or Foreign Country): Ironton, OH

8 WAS DECEDENT EVER IN U.S. ARMED FORCES? (Yes or no): NO
9 PLACE OF DEATH (Check only one: see instructions on other side): Residence

9a FACILITY NAME (If not institution, give street and number): 1209 3rd Ave Apt. 116
9b CITY, TOWN, OR LOCATION OF DEATH: Huntington
9c COUNTY OF DEATH: Cabell

10 MARITAL STATUS—Married, Never Married, Widowed, Divorced (Specify): SINGLE
11 SURVIVING SPOUSE (If wife, give maiden name): 
12a DECEDENT'S USUAL OCCUPATION (Give kind of work done during most of working life): Disabled
12b KIND OF BUSINESS/INDUSTRY: 987

13a RESIDENCE—STATE: WV
13b COUNTY: CABELL
13c CITY, TOWN, OR LOCATION: HUNTINGTON
13d STREET AND NUMBER: 1209 3rd Ave. Apt. 116

13e INSIDE CITY LIMITS (Yes or no): YES
13f ZIP CODE: 25701
14 WAS DECEDENT OF HISPANIC ORIGIN? (Specify No or Yes—If yes, specify Cuban, Mexican, Puerto Rican, etc) NO Yes — Specify: NO
15 RACE—American Indian, Black, White, etc. (Specify): BLACK
16 DECEDENT'S EDUCATION Elementary/Secondary (0-12): 12  College (1-4 or 5+):

**PARENTS**

17 FATHER'S NAME (First, Middle, Last): BENJAMIN F. TAYLOR
18 MOTHER'S NAME (First, Middle, Maiden Surname): BILLIE DAY

**INFORMANT**

19a INFORMANT'S NAME (Type/Print): BILLIE DAY
19b LIVE AND ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code): 613 VINE, IRONTON, OH 45638

**DISPOSITION**

20a METHOD OF DISPOSITION: Burial ☐ Cremation ☒ Donation ☐ Other (Specify) ☐ Removal from State ☐
20b PLACE OF DISPOSITION (Name of cemetery, crematory, or other place): TRI-STATE CREMATORY
20c LOCATION—City or Town State: ASHLAND, KY

21 SIGNATURE OF FUNERAL SERVICE LICENSEE OR PERSON ACTING AS SUCH: Richard W. Goings
22 NAME AND ADDRESS OF FACILITY: CALLOWER FUNERAL HOME 1695 9th AVE HUNTINGTON

**PRONOUNCING PHYSICIAN ONLY**

Complete items 23a-b only when certifying physician is not available at time of death to certify cause of death.

ITEMS 24-26 MUST BE COMPLETED BY PERSON WHO PRONOUNCES DEATH

23a To the best of my knowledge death occurred at the time, date, and place stated.
Signature and Title here
23b DATE SIGNED (Month, Day, Year):

24 TIME OF DEATH: Late P.
25 DATE PRONOUNCED DEAD (Month, Day, Year): 13 Jan 07
26 WAS CASE REFERRED TO MEDICAL EXAMINER/CORONER? (Yes or no): Yes    07-0045

**CAUSE OF DEATH**

27 PART I  Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line.

IMMEDIATE CAUSE (Final disease or condition resulting in death): Smoke and soot inhalation    min
DUE TO (OR AS A CONSEQUENCE OF):

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST: Residential fire    min
DUE TO (OR AS A CONSEQUENCE OF):

DUE TO (OR AS A CONSEQUENCE OF):

Approximate Interval Between Onset and Death

PART II  Other significant conditions contributing to death but not resulting in the underlying cause given in Part I: Morbid obesity
28a WAS AN AUTOPSY PERFORMED? (Yes or no): Yes
28b WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? (Yes or no): Yes

29 MANNER OF DEATH: Natural ☐  Accident ☒  Suicide ☐  Homicide ☐  Pending Investigation ☐  Could not be Determined ☐
30a DATE OF INJURY (Month, Day, Year): 13 Jan 07
30b TIME OF INJURY: Late P.M.
30c INJURY AT WORK? (Yes or no): NO
30d DESCRIBE HOW INJURY OCCURRED: Victim of residential structure which is accidental in nature
30e PLACE OF INJURY—At home, farm, street, factory, office building, etc (Specify): Home
30f LOCATION (Street and Number or Rural Route Number, City or Town, State): 9b + 4c

**CERTIFIER**

31 CERTIFIER (Check only one):
CERTIFYING PHYSICIAN (Physician certifying cause of death when another physician has pronounced death and completed item 23) ☐
To the best of my knowledge, death occurred due to the cause(s) and manner as stated

PRONOUNCING AND CERTIFYING PHYSICIAN (Physician both pronouncing death and certifying to cause of death) ☐
To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner as stated

MEDICAL EXAMINER/CORONER ☒
On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner as stated

TITLE OF CERTIFIER: Deputy Chief Medical Examiner
DATE SIGNED:

Hamada Mahmoud, M.D.  619 Virginia St. West, Charleston

Patricia Smith    JAN 29 20

Form VS-002 (Rev. 6/93)

STATE COPY

9.    MICHAEL MACERA, as Administratrix of the Estate of MARY BISS, DECEASED;

Plaintiff,                    CIVIL ACTION: 07-C-0501
                              JUDGE DAVID M. PANCAKE

vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

          Defendants.

AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

     Plaintiff-Intervenor.


### PLAINTIFFS, STACIE D. YANCEY, ADMR., BILLIE RUTH DAY, INDIVIDUALLY, STACIE YANCEY, INDIVIDUALLY, ANDREA ROCHELLE CREWS, INDIVIDUALLY, TAI YANCEY, INDIVIDUALLY, AND THELMA ELAINE MABRY, INDIVIDUALLY, THIRD AMENDED COMPLAINT AND JURY DEMAND


### FIRST CAUSE OF ACTION

Now come Plaintiffs, by and through counsel, and for their Causes of Action, state as follows:

1.    Plaintiff, Stacie D. Yancey, was duly appointed and qualified as Administrator of the Estate of Beatrice Devore Yancey, deceased, by Order of the Clerk of the County Commission of Cabell County, West Virginia, a copy of said appointment being attached hereto as Exhibit 1.

2.    Plaintiff, Billie Ruth Day, in her individual capacity, is the mother of Beatrice Devore Yancey, deceased.

5

3.     Plaintiff, Stacie Yancey, in her individual capacity, is a daughter of Beatrice Devore Yancey, deceased.

4.     Plaintiff, Andrea Rochelle Crews, in her individual capacity, is a daughter of Beatrice Devore Yancey, deceased.

5.     Plaintiff, Tai Yancey, in his individual capacity, is a son of Beatrice Devore Yancey, deceased.

6.     Plaintiff, Thelma Elaine Mabry, in her individual capacity, is a sister of Beatrice Devore Yancey, deceased.

7.     The Defendant, Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

8.     The Defendant, Woodlark Enterprises, III, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

9.     The Defendant, Alex Vence, is now, and at all times mentioned herein has been, a citizen and resident of the County of Cabell, State of West Virginia.

10.     The Defendant, Woodlark Properties, IV, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of

6

WHEREFORE, Plaintiffs, Stacie D. Yancey, Admr., Billie Ruth Day, Individually, Stacie Yancey, Individually, Andrea Rochelle Crews, Individually, Tai Yancey, Individually, and Thelma Elaine Mabry, Individually, pray that this Court determine the duties and obligations of Defendant James River Insurance Company under the Commercial General Liability Policy issued to Defendant Woodlark Properties IV, LLC and determine that the subject insurance policy provides and requires Defendant James River Insurance Company to defend and indemnify Defendant Woodlark Properties IV, LLC for the claims asserted against it by the Plaintiffs herein.

### PLAINTIFFS DEMAND A TRIAL BY JURY

Respectfully submitted,

Dwight J. Staples, Esq. (#3566)
Gail Henderson-Staples, Esq. (#1676)
Henderson, Henderson & Staples
711 Fifth Avenue
Huntington, West Virginia 25701-2010
Telephone: (304) 523-5732
Facsimile: (304) 523-5169
Trial Attorneys for Plaintiffs

D. Arthur Rabourn, Esq.
Admitted *Pro Hac Vice*
Waite, Schneider, Bayless Chesley Co., LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 621-0267
Facsimile:     (513) 381-2375
Co-Trial Attorney for Plaintiffs

35

# EXHIBIT E

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

1.   STACIE D. YANCEY, as ADMINISTRATRIX of the ESTATE OF BEATRICE DEVORE
     YANCEY, Deceased, BILLIE RUTH DAY, INDIVIDUALLY; STACIE D. YANCEY,
     INDIVIDUALLY; TAI YANCEY, INDIVIDUALLY AND THELMA ELAINE
     MABRY, INDIVIDUALLY.

              Plaintiffs,

     AND

     MARCIA LUCAS, as ADMINISTRATIX of the ESTATES OF BENJAMIN LUCAS, Deceased,
     QUENTIN LUCAS, Deceased, and ANGEL LUCAS, Deceased;
     MARCIA LUCAS, Individually, JONATHAN M. LUCAS, Individually, and
     TINIA M. STRATTON, Individually.

              Plaintiffs,

     vs.                                      CIVIL ACTION: 07-C-0105
                                              JUDGE DAVID M. PANCAKE

     WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
     ALEX VENCE, JR.,
     and
     WOODLARK PROPERTIES IV, LP
     and
     BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
     and
     CONTINENTAL CASUALTY COMPANY

              Defendants.

     AND

     FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

              Plaintiff-Intervenor.

2.   SIDNEY L. HARMON, as ADMINISTRATOR of the ESTATE OF JOSEPH BRIAR HARMON,
     Deceased, JEANNE T. HARMON, Individually.

              Plaintiff,                      CIVIL ACTION: 07-C-0138
                                              JUDGE DAVID M. PANCAKE

     vs.

     WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
     ALEX VENCE, JR.,
     and
     WOODLARK PROPERTIES IV, LP
     and
     BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
     and
     CONTINENTAL CASUALTY COMPANY

              Defendants.

     AND

     FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

Plaintiff-Intervenor.

3.    JENNIFER M. SZILVASI, as ADMINISTRATRIX of the ESTATE
of JOSEPH SZILVASI, Deceased

        Plaintiff,                  CIVIL ACTION: 07-C-0229
                                         JUDGE DAVID M. PANCAKE

vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

        Defendants.

AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.

4.    HOLLY GOODSON, as ADMINISTRATRIX
of the ESTATE OF ANN SALEH, Deceased

        Plaintiff,                  CIVIL ACTION: 07-C-486
                                         JUDGE DAVID M. PANCAKE

vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY
and
JAMES RIVER INSURANCE COMPANY

        Defendants.

AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.

5.    ASHLEY JUSTUS, as ADMINISTRATRIX
of the ESTATE OF SETH JUSTUS, Deceased

        Plaintiff,                  CIVIL ACTION: 07-C-486
                                       JUDGE DAVID M. PANCAKE

vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY
and
JAMES RIVER INSURANCE COMPANY

        Defendants.

AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.


6.    LIN YUAN;

        Plaintiff,        CIVIL ACTION: 07-C-495
                        JUDGE DAVID M. PANCAKE

    vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

        Defendants.

AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.

7.    BEI WANG;

        Plaintiff,        CIVIL ACTION: 07-C-496
                        JUDGE DAVID M. PANCAKE

    vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.

3

and
CONTINENTAL CASUALTY COMPANY
            Defendants.
AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.

8.    JAMES N. HALE;

            Plaintiff,                 **CIVIL ACTION: 07-C-0507**
                                       JUDGE DAVID M. PANCAKE
      vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

            Defendants.
AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.

9.    MICHAEL MACERA, as Administratrix of the Estate of MARY BISS, DECEASED;

            Plaintiff,                 **CIVIL ACTION: 07-C-0501**
                                       JUDGE DAVID M. PANCAKE
      vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

            Defendants.
AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.

4

<u>PLAINTIFFS, HOLLY GOODSON, ADMR. AND ASHLEY JUSTUS, ADMR.'S,
SECOND AMENDED COMPLAINT AND JURY DEMAND</u>

<u>FIRST CAUSE OF ACTION</u>

Now come Plaintiffs, by and through counsel, and for their Causes of Action, state as follows:

1.    Plaintiff, Holly Goodson, was duly appointed and qualified as Administratrix of the Estate of Ann Saleh, deceased, by Order of the Clerk of the County Commission of Cabell County, West Virginia, a copy of said appointment being attached hereto as Exhibit 1.

2.    Plaintiff, Ashley Justus, was duly appointed and qualified as Administratrix of the Estate of Seth Justus, deceased, by Order of the Clerk of the County Commission of Cabell County, West Virginia, a copy of said appointment being attached hereto as Exhibit 2.

3.    The Defendant, Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

4.    The Defendant, Woodlark Enterprises, III, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

5.    The Defendant, Alex Vence, is now, and at all times mentioned herein has been, a citizen and resident of the County of Cabell, State of West Virginia.

5

6.    The Defendant, Woodlark Properties, IV, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

7.    The Defendant, Building Evaluation Services and Technology, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Maryland, having its principal place of business in the State of Maryland, while doing business in the County of Cabell, State of West Virginia.

8.    Defendant, Continental Casualty Company is a corporation formed under the laws of Illinois, while doing business in Cabell County, West Virginia, including the issuance of insurances polic(ies) to provide coverage for risks residing in Cabell County, West Virginia.

9.    **Defendant, James River Insurance Company, is a corporation formed under the laws of Virginia, while doing business in Cabell County, West Virginia, including the issuance of insurance polic(ies) to provide coverage for risks residing in Cabell County, West Virginia.**

10.    The Defendants, Woodlark Properties III, LP, and Woodlark Enterprises, III, Inc., its/their predecessors, successors, agents and assigns, at all times relevant hereto, individually and jointly either owned, operated, managed and/or controlled an apartment building known as Emmons Jr. located at 1209 3rd Avenue, Huntington, West Virginia for the purpose of renting apartments to tenants.  Furthermore, the Defendant, Woodlark Properties IV, LP, its/their predecessors, successors, agents and assigns combined either individually, or as a joint venture,

6

Services and Technology, Inc., jointly and severally, in punitive damages in an amount to be determined by a jury, and all other relief to which she may be entitled.

WHEREFORE, Plaintiff, Ashley Justus, in her capacity as Administratrix of the Estate of Seth Justus, deceased, herein demands that this Court determine the duties and obligations of Defendant, Continental Casualty Company, under the Real Estate Agents Errors and Omissions Liability Policy issued to Realty Advantage, Inc., d/b/a RE/MAX Professional Advantage and to determine that the subject insurance policy provides and requires Defendant, Continental Casualty Company, to defend and indemnify Defendant, Alex Vence, for the claims asserted against him by the Plaintiff herein.

WHEREFORE, Plaintiffs, Holly Goodson, Admr. and Ashley Justus, Admr., pray that this Court determine the duties and obligations of Defendant James River Insurance Company under the Commercial General Liability Policy issued to Defendant Woodlark Properties IV, LLC and determine that the subject insurance policy provides and requires Defendant James River Insurance Company to defend and indemnify Defendant Woodlark Properties IV, LLC for the claims asserted against it by the Plaintiffs herein.

PLAINTIFFS DEMANDS A TRIAL BY JURY

Respectfully submitted,

_____
CHRISTOPHER M. DAVIS (BAR NO. 9050)

THE WOOTON LAW FIRM
201 North Kanawha Street
Beckley, WV 25801

27

D: Arthur Rabourn
Admitted *Pro Hac Vice*
Waite, Schneider, Bayless Chesley Co., LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
Phone: (513) 621-0267
Fax:    (513) 381-2375
Co-Trial Attorney for Plaintiffs

28

# EXHIBIT F

9.    MICHAEL MACERA, as Administratrix of the Estate of MARY BISS, DECEASED;

        Plaintiff,

                                              CIVIL ACTION: 07-C-0501
                                              JUDGE DAVID M. PANCAKE

  vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

        Defendants.
AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

      Plaintiff-Intervenor.

## PLAINTIFF, BEI WANG'S, SECOND AMENDED COMPLAINT AND JURY DEMAND

### FIRST CAUSE OF ACTION

Now comes Plaintiff, by and through counsel, and for his Causes of Action, states as follows:

1.    Plaintiff, Bei Wang, is now, and at all times mentioned herein has been, a resident and citizen of the County of Franklin, State of Ohio.

2.    The Defendant, Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

5

3.    The Defendant, Woodlark Enterprises, III, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

4.    The Defendant, Alex Vence, is now, and at all times mentioned herein has been, a citizen and resident of the County of Cabell, State of West Virginia.

5.    The Defendant, Woodlark Properties, IV, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

6.    The Defendant, Building Evaluation Services and Technology, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Maryland, having its principal place of business in the State of Maryland, while doing business in the County of Cabell, State of West Virginia.

7.    Defendant, Continental Casualty Company is a corporation formed under the laws of Illinois, while doing business in Cabell County, West Virginia, including the issuance of insurances polic(ies) to provide coverage for risks residing in Cabell County, West Virginia.

8.    Defendant, James River Insurance Company, is a corporation formed under the laws of Virginia, while doing business in Cabell County, West Virginia, including the issuance of insurance polic(ies) to provide coverage for risks residing in Cabell County, West Virginia.

WHEREFORE, Plaintiff, Bei Wang, prays that this Court determine the duties and obligations of Defendant James River Insurance Company under the Commercial General Liability Policy issued to Defendant Woodlark Properties IV, LLC and determine that the subject insurance policy provides and requires Defendant James River Insurance Company to defend and indemnify Defendant Woodlark Properties IV, LLC for the claims asserted against it by the Plaintiff herein.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

Dwight J. Staples (#3566)
Gail Henderson-Staples (#1676)
Henderson, Henderson & Staples
711 Fifth Avenue
Huntington, West Virginia 25701-2010
Telephone:     (304) 523-5732
Facsimile:     (304) 523-5169
Co-Trial Attorneys for Plaintiff, Bei Wang


D. Arthur Rabourn, Esq.
Admitted *Pro Hac Vice*
Waite, Schneider, Bayless Chesley Co., LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 621-0267
Facsimile:     (513) 381-2375
Co-Trial Attorney for Plaintiff


Xi Scott Wang, Esq.
Admitted *Pro Hac Vice*
919 Old Henderson Road - Suite 400
Columbus, Ohio 43220
Telephone:     (614) 246-9468
Facsimile:     (614) 324-5950
Co-Trial Attorney for Plaintiff, Bei Wang

25

# EXHIBIT G

BUREAU FOR PUBLIC HEALTH - VITAL REGISTRATION
PHYSICIANS / MEDICAL EXAMINER'S CERTIFICATE OF DEATH
ROOM 165, 350 CAPITOL STREET, CHARLESTON, WV 25301

STATE FILE NUMBER

800121651

**DECEDENT**

1 DECEDENT'S NAME (First, Middle, Last): Mary Emily Biss

4 SOCIAL SECURITY NUMBER: 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

5a AGE-Last Birthday (Years): 69

5b UNDER 1 YEAR

5c UNDER 1 DAY

6 DATE OF BIRTH (Month, Day, Year): 12-20-1938

7 SEX: F

8 DATE OF DEATH (Month, Day, Year): 01/13/2007

7a BIRTHPLACE (City and State or Foreign Country): Huntington, WV

9 WAS DECEDENT EVER IN US ARMED FORCES?: No

9b HOSPITAL: □ Inpatient □ ER/Outpatient □ DOA

9b OTHER: □ Nursing Home ☒ Residence □ Other (Specify)

9a FACILITY NAME (If not institution, give street and number): 1209 3rd Ave. Apt. 408

9c CITY, TOWN, OR LOCATION OF DEATH: Huntington

9d COUNTY OF DEATH: Cabell

10 MARITAL STATUS—Married, Never Married, Widowed, Divorced (Specify): Widowed

11 SURVIVING SPOUSE (If wife, give maiden name):

12 DECEDENT'S USUAL OCCUPATION (Give kind of work done during most of working life): Housewife

13 KIND OF BUSINESS/INDUSTRY: Own Home

12a RESIDENCE—STATE: WV

12b COUNTY: Cabell

12c CITY, TOWN OR LOCATION: Huntington

12d STREET AND NUMBER: 1209 3rd Avenue, Apt. 408

12e INSIDE CITY LIMITS? (Yes or no): yes

12f ZIP CODE: 25701

14 WAS DECEDENT OF HISPANIC ORIGIN? (Specify No or Yes—If Yes, specify Cuban, Mexican, Puerto Rican etc.): No

15 RACE—American Indian, Black, White etc. (Specify): American Indian

16 DECEDENT'S EDUCATION (Specify only highest grade completed): Elementary—Secondary (0-12): 12 College 1-4 or 5+:

**PARENTS**

17 FATHER'S NAME (First, Middle, Last): Joseph Russick

18 MOTHER'S NAME (First, Middle, Maiden Surname): Hazel Hicks Scaggs

**INFORMANT**

19a INFORMANT'S NAME (Type/Print): Michael Macera

19b MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code): 3454 Two Mile Road Winchester KY 40391

**DISPOSITION**

20a METHOD OF DISPOSITION: □ Burial ☒ Cremation □ Removal from State □ Donation □ Other (Specify)

20b PLACE OF DISPOSITION (Name of Cemetery, crematory, or other place): Daehler's Mortuary

20c LOCATION—City or Town State: Portsmouth, OH

21 SIGNATURE OF FUNERAL SERVICE LICENSEE OR PERSON ACTING AS SUCH: Patrick D Roger

22 NAME AND ADDRESS OF FACILITY: Roger Funeral Home, Inc. 2242 Adams Avenue, Huntington, WV 25704

**PRONOUNCING PHYSICIAN ONLY**

ITEMS 24-26 MUST BE COMPLETED BY PERSON WHO PRONOUNCES DEATH

(Complete items 23a-b only when certifying physicians not available at time of death to certify cause of death)

To the best of my knowledge death occurred at the time, date, and place stated

Signature and Title ►

23b DATE SIGNED (Month, Day, Year):

24 TIME OF DEATH: Late p.m.

25 DATE PRONOUNCED DEAD (Month, Day, Year): 01/13/07

26 WAS CASE REFERRED TO MEDICAL EXAMINER/CORONER? (Yes or No): Yes

**CAUSE OF DEATH**

27 PART I. Enter the diseases, injuries, or complications that caused the death Do not enter the mode of dying such as cardiac or respiratory arrest, shock or heart failure List only one cause on each line

IMMEDIATE CAUSE (Final disease or condition resulting in death) ►

a. Soot and Smoke inhalation

Approximate Interval Between Onset and Death: Mins

DUE TO (OR AS A CONSEQUENCE OF):

Sequentially list conditions, if any, leading to immediate cause Enter UNDERLYING CAUSE (Disease or injury that initiated events which resulted in death) LAST

b. _____ DUE TO (OR AS A CONSEQUENCE OF):

c. _____ DUE TO (OR AS A CONSEQUENCE OF):

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I:

Coronary artery atherosclerosis

28a WAS AN AUTOPSY PERFORMED? (Yes or No): Yes

28b WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? (Yes or No): Yes

29 MANNER OF DEATH: □ Natural □ Pending Investigation ☒ Accident □ Could not be Determined □ Suicide □ Homicide

30a DATE OF INJURY (Month, Day, Year): 01/13/07

30b TIME OF INJURY: Late p.m.

30c INJURY AT WORK? (Yes or No): No

30d DESCRIBE HOW INJURY OCCURRED: Residential fire

30e PLACE OF INJURY—At home, farm, street, factory, office building, etc. (Specify): Apartment building

30f LOCATION—Street and Number or Rural Route Number, City or Town, State: 1209 3rd Ave, Huntington W

**CERTIFIER**

31a CERTIFIER (Check only one):

□ CERTIFYING PHYSICIAN (Physician certifying cause of death when another physician has pronounced death and completed item 27) To the best of my knowledge death occurred due to the cause(s) and manner as stated

□ PRONOUNCING AND CERTIFYING PHYSICIAN (Physician both pronouncing death and certifying to cause of death) To the best of my knowledge death occurred at the time, date and place and due to the cause(s) and manner as stated

☒ MEDICAL EXAMINER/CORONER On the basis of examination and/or investigation in my opinion death occurred at the time, date and place and due to the cause(s) and manner as stated

31b SIGNATURE AND TITLE OF CERTIFIER: Boiko   Deputy Chief Medical Examiner

31c DATE SIGNED (Month, Day, Year): 01/15/07

32 NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (ITEM 27) (Type/Print): Iouri Boiko, M.D., PhD, 619 Virginia St. W., Charleston, WV 2530

**REGISTRAR**

33a REGISTRAR'S SIGNATURE: Ginger Hite

33b DATE FILED (Month, Day, Year): JAN 19 2007

Form VS-002 (Rev. 6/92)

COUNTY COPY

<u>PLAINTIFF, MICHAEL MACERA, ADMINISTRATOR'S,</u>
<u>SECOND AMENDED COMPLAINT AND JURY DEMAND</u>

<u>FIRST CAUSE OF ACTION</u>

Now comes Plaintiff, by and through counsel, and for his Causes of Action, states as follows:

1.    Plaintiff, Michael Macera, was duly appointed and qualified as Administrator of the Estate of Mary Biss, deceased, by Order of the Clerk of the County Commission of Cabell County, West Virginia.

2.    The Defendant, Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

3.    The Defendant, Woodlark Enterprises, III, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

4.    The Defendant, Alex Vence, is now, and at all times mentioned herein has been, a citizen and resident of the County of Cabell, State of West Virginia.

5.    The Defendant, Woodlark Properties, IV, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware,

2

WHEREFORE, Plaintiff, Michael Macera, in his capacity as Administrator of the Estate of Mary Biss, deceased, herein demands judgment from the Defendants, Woodlark Properties III, LP, Woodlark Enterprises III, Inc., Alex Vence, Woodlark Properties IV, LP and Building Evaluation Services and Technology, Inc., jointly and severally, in compensatory damages in an amount to be determined by a jury, and all other relief to which he may be entitled, both jointly and severally.

WHEREFORE, Plaintiff, Michael Macera, in his capacity as Administrator of the Estate of Mary Biss, deceased, herein demands judgment from the Defendants, Woodlark Properties III, LP, and Woodlark Enterprises III, Inc., Woodlark Properties IV, LP and Building Evaluation Services and Technology, Inc., jointly and severally, in punitive damages in an amount to be determined by a jury, and all other relief to which he may be entitled.

WHEREFORE, Plaintiff, Michael Macera, in his capacity as Administrator of the Estate of Mary Biss, deceased, herein demands that this Court determine the duties and obligations of Defendant, Continental Casualty Company, under the Real Estate Agents Errors and Omissions Liability Policy issued to Realty Advantage, Inc., d/b/a RE/MAX Professional Advantage and to determine that the subject insurance policy provides and requires Defendant, Continental Casualty Company, to defend and indemnify Defendant, Alex Vence, for the claims asserted against him by the Plaintiff herein.

WHEREFORE, Plaintiff, Michael Macera, in his capacity as Administrator of the Estate of Mary Biss, deceased, prays that this Court determine the duties and obligations of Defendant James River Insurance Company under the Commercial General Liability Policy issued to Defendant Woodlark Properties IV, LLC and determine that the subject insurance policy provides and requires Defendant James River Insurance Company to **defend and indemnify**

21

Defendant Woodlark Properties IV, LLC for the claims asserted against it by the Plaintiff herein.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

Dwight J. Staples, Esq. (#3566)
Henderson, Henderson & Staples
711 Fifth Avenue
Huntington, West Virginia 25701-2010
Telephone:   (304) 523-5732
Facsimile:   (304) 523-5169

Scott Mason, Esq. (#9086)
Rico Moore, Esq. (#7488)
Mason & Moore
179 Summers Street – Suite 314
Charleston, West Virginia 25301
Telephone: (304) 941-0044
Facsimile:  (304) 941-0045

Trial Attorneys For Plaintiff, Michael Macera, Administrator of The Estate of Mary Biss

# EXHIBIT H

9.     MICHAEL MACERA, as Administratrix of the Estate of MARY BISS, DECEASED;

                Plaintiff,                    CIVIL ACTION: 07-C-0501
                                              JUDGE DAVID M. PANCAKE
        vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

                Defendants.
AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

        Plaintiff-Intervenor.

## PLAINTIFF, JAMES N. HALE'S, SECOND AMENDED COMPLAINT AND JURY DEMAND

### FIRST CAUSE OF ACTION

Now comes Plaintiff, by and through counsel, and for his Causes of Action, states as follows:

1.     Plaintiff, James N. Hale, is now, and at all times mentioned herein has been, a resident of the County of Cabell, State of West Virginia.

2.     The Defendant, Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

3.     The Defendant, Woodlark Enterprises, III, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the

5

State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

4.    The Defendant, Alex Vence, is now, and at all times mentioned herein has been, a citizen and resident of the County of Cabell, State of West Virginia.

5.    The Defendant, Woodlark Properties, IV, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

6.    The Defendant, Building Evaluation Services and Technology, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Maryland, having its principal place of business in the State of Maryland, while doing business in the County of Cabell, State of West Virginia.

7.    Defendant, Continental Casualty Company is a corporation formed under the laws of Illinois, while doing business in Cabell County, West Virginia, including the issuance of insurances polic(ies) to provide coverage for risks residing in Cabell County, West Virginia.

8.    Defendant, James River Insurance Company, is a corporation formed under the laws of Virginia, while doing business in Cabell County, West Virginia, including the issuance of insurance polic(ies) to provide coverage for risks residing in Cabell County, West Virginia.

6

rights under the subject policy as provided by West Virginia Code sections 55-13-1, *et seq.*

78.    This Court has jurisdiction over this action pursuant to West Virginia Code sections 55-13-1, *et seq.*

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, James N. Hale, having suffered those injuries and damages, both present and future as hereinbefore mentioned, herein demands judgment against Defendants, Woodlark Properties III, LP, Woodlark Enterprises III, Inc., Alex Vence, Woodlark Properties IV, LP and Building Evaluation Services and Technology, Inc., jointly and severally, in compensatory damages in an amount to be determined by a jury, and all other relief to which he may be entitled.

WHEREFORE, Plaintiff, James N. Hale, having suffered those injuries and damages, both present and future as hereinbefore mentioned, herein demands judgment against Defendants, Woodlark Properties III, LP, Woodlark Enterprises III, Inc., <u>Woodlark Properties IV, LP and</u> Building Evaluation Services and Technology, Inc., jointly and severally, in punitive damages in an amount to be determined by a jury, and all other relief to which he may be entitled, including costs and attorneys' fees.

WHEREFORE, Plaintiff, James Hale, herein demands that this Court determine the duties and obligations of Defendant, Continental Casualty Company, under the Real Estate Agents Errors and Omissions Liability Policy issued to Realty Advantage, Inc., d/b/a RE/MAX Professional Advantage and to determine that the subject insurance policy provides and requires Defendant, Continental Casualty Company, to defend and indemnify Defendant, Alex Vence, for the claims asserted against him by the Plaintiff herein.

# EXHIBIT I

9.     MICHAEL MACERA, as Administratrix of the Estate of MARY BISS, DECEASED;

        Plaintiff,               CIVIL ACTION: 07-C-0501
                                              JUDGE DAVID M. PANCAKE

    vs.

WOODLARK PROPERTIES III, L.P.; WOODLARK ENTERPRISES, III, INC.;
ALEX VENCE, JR.,
and
WOODLARK PROPERTIES IV, LP
and
BUILDING EVALUATION SERVICES AND TECHNOLOGY, INC.
and
CONTINENTAL CASUALTY COMPANY

        Defendants.
AND

FARMERS AND MECHANICS INSURANCE COMPANY OF WEST VIRGINIA

    Plaintiff-Intervenor.

### PLAINTIFF, LIN YUAN'S,
### SECOND AMENDED COMPLAINT AND JURY DEMAND

#### FIRST CAUSE OF ACTION

Now comes Plaintiff, by and through counsel, and for her Causes of Action, states as follows:

1.      Plaintiff, Lin Yuan, is now, and at all times mentioned herein has been, a resident and citizen of the County of Franklin, State of Ohio.

2.      The Defendant, Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

5

8.    Defendant, James River Insurance Company, is a corporation formed under the laws of Virginia, while doing business in Cabell County, West Virginia, including the issuance of insurance polic(ies) to provide coverage for risks residing in Cabell County, West Virginia.

9.    The Defendants, Woodlark Properties III, LP, and Woodlark Enterprises, III, Inc., its/their predecessors, successors, agents and assigns, at all times relevant hereto, individually and jointly either owned, operated, managed and/or controlled an apartment building known as Emmons Jr. located at 1209 3rd Avenue, Huntington, West Virginia for the purpose of renting apartments to tenants. Furthermore, the Defendant, Woodlark Properties IV, LP, its/their predecessors, successors, agents and assigns combined either individually, or as a joint venture, its property, money, effects, skill and knowledge with the Defendants, Woodlark Properties III, LP and Woodlark Enterprises III, Inc. to carry out a business enterprise for profit in manners that include, but are not limited to, the operation, maintenance and management of the Emmons, Jr. apartment building. The Defendants, Woodlark Properties III, LP, Woodlark Enterprises III, Inc. and Woodlark Properties IV, LP, are hereinafter each referred to collectively as the "Woodlark" Defendants. Furthermore, in the event discovery should reveal that other parties either owned or operated the apartment building hereinbefore and hereinafter mentioned, Plaintiff then reserves the right to amend this Complaint in order to name additional Defendants.

10.    The Defendant, Alex Vence, at all times mentioned herein, managed and/or operated the apartment building hereinbefore and hereinafter mentioned.

11.    The Defendant, Building Evaluation Services and Technology, Inc. (hereinafter referred to as Building Evaluation Services and Technology, Inc.), prior to on

rights under the subject policy as provided by West Virginia Code sections 55-13-1, *et seq.*

78.    This Court has jurisdiction over this action pursuant to West Virginia Code sections 55-13-1, *et seq.*

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Lin Yuan, herein demands judgment from the Defendants, Woodlark Properties III, LP, Woodlark Enterprises III, Inc., Alex Vence, Woodlark Properties IV, LP and Building Evaluation Services and Technology, Inc., jointly and severally, in compensatory damages in an amount to be determined by a jury, and all other relief to which he may be entitled.

WHEREFORE, Plaintiff, Lin Yuan, herein demands judgment from the Defendants, Woodlark Properties III, LP, and Woodlark Enterprises III, Inc., Woodlark Properties IV, LP and Building Evaluation Services and Technology, Inc., jointly and severally, in punitive damages in an amount to be determined by a jury, and all other relief to which he may be entitled, including costs and attorneys' fees.

WHEREFORE, Plaintiff, Lin Yuan, herein demands that this Court determine the duties and obligations of Defendant, Continental Casualty Company, under the Real Estate Agents Errors and Omissions Liability Policy issued to Realty Advantage, Inc., d/b/a RE/MAX Professional Advantage and to determine that the subject insurance policy provides and requires Defendant, Continental Casualty Company, to defend and indemnify Defendant, Alex Vence, for the claims asserted against him by the Plaintiff herein.

WHEREFORE, Plaintiff, Lin Yuan, prays that this Court determine the duties and obligations of Defendant James River Insurance Company under the **Commercial**

24

# EXHIBIT J

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

SHEPARD GALE SINGLETON,

           PLAINTIFF,

COPY

v.

CIVIL ACTION NO.: 08-C-0032
JUDGE: HONORABLE DAVID M. PANCAKE

WOODLARK PROPERTIES III, LP
WOODLARK ENTERPRISES III, INC,
ALEX VENCE, JR,

and

WOODLARK PROPERTIES IV, LP

and

BUILDING EVALUATION SERVICES
AND TECHNOLOGY, INC.

and

CONTINENTAL CASUALTY COMPANY

and

JAMES RIVER INSURANCE COMPANY

           Defendants.

and

FARMERS AND MECHANICS INSURANCE
COMPANY OF WEST VIRGINIA

           Plaintiff-Intervenor,

## PLAINTIFF, SHEPARD GALE SINGLETON'S, FIRST AMENDED COMPLAINT AND JURY DEMAND

### FIRST CAUSE OF ACTION

Now comes Plaintiff, by and through counsel, and for her Causes of Action, states as follows:

1.    Plaintiff, Shepard Gale Singleton, is now, and at all times mentioned herein has been, a resident of the County of Cabell, State of West Virginia.

2.    The Defendant, Woodlark Properties III, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

3.    The Defendant, Woodlark Enterprises, III, Inc., its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

4.    The Defendant, Alex Vence, is now, and at all times mentioned herein has been, a citizen and resident of the County of Cabell, State of West Virginia.

5.    The Defendant, Woodlark Properties, IV, LP, its predecessors, successors, assigns, agents, associates, affiliates, principals and subsidiaries, is now, and at all times mentioned herein has been, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York, while doing business in the County of Cabell, State of West Virginia.

.2

WHEREFORE, Plaintiff, Shepard Gale Singleton, herein demands that this Court determine the duties and obligations of Defendant, Continental Casualty Company, under the Real Estate Agents Errors and Omissions Liability Policy issued to Realty Advantage, Inc., d/b/a RE/MAX Professional Advantage and to determine that the subject insurance policy provides and requires Defendant, Continental Casualty Company, to defend and indemnify Defendant, Alex Vence, for the claims asserted against him by the Plaintiff herein.

### PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

Dwight J. Staples, Esq. (#3566)
Gail Henderson-Staples, Esq. (#1676)
Henderson, Henderson & Staples
711 Fifth Avenue
Huntington, West Virginia 25701-2010
Telephone: (304) 523-5732
Facsimile:  (304) 523-5169

Trial Attorneys for Plaintiff, Shepard Gale Singleton

21

# EXHIBIT K

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

STACIE D. YANCEY, as Administratrix
of the ESTATE OF BEATRICE DEVORE
YANCEY, Deceased, et al.,

              Plaintiffs,

vs.

WOODLARK PROPERTIES III, LP, et al.,

CIVIL ACTION NO:  07-C-0105
CIVIL ACTION NO:  07-C-0138
CIVIL ACTION NO:  07-C-0229
CIVIL ACTION NO:  07-C-0486
CIVIL ACTION NO:  07-C-0495
CIVIL ACTION NO:  07-C-0597
CIVIL ACTION NO:  07-C-0501
CIVIL ACTION NO:  07-C-0496
CIVIL ACTION NO:  07-C-0496
(CONSOLIDATED ACTIONS)
JUDGE DAVID M. PANCAKE

## THIRD-PARTY COMPLAINT AGAINST
## ST. PAUL MERCURY INSURANCE COMPANY

**COME NOW,** Defendants/Third-Party Plaintiffs, WOODLARK PROPERTIES III, LP;

WOODLARK ENTERPRISES III, INC.; and ALEX VENCE, JR., by their attorneys, JENNIFER

KEADLE MASON, ESQUIRE and MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS; and

DANIEL T. YON, ESQUIRE and BAILES, CRAIG & YON and file the following Third-Party

Complaint against St. Paul Mercury Insurance Company as follows:

      1.      Plaintiffs initiated the above-captioned actions following a deadly fire that

occurred in apartment buildings owned by Defendant, Woodlark Properties III, LP.

      2.      Plaintiffs are residents of West Virginia, Kentucky and Ohio.

      3.      Woodlark Properties III, LP is a foreign limited partnership, created within the

laws of the State of Delaware, and licensed to do business in West Virginia with its sole assets

in Huntington, West Virginia.

4.     Defendant, Woodlark Enterprises III, Inc. is the general partner of Defendant, Woodlark Properties, III, LP and is a corporation formed under the laws of the State of Delaware with its principal place of business in New York with their sole assets in Huntington, West Virginia.

5.     Defendant, Alex Vence, Jr., is a citizen of West Virginia and was an employee of Defendant, Woodlark Properties III, LP and managed the apartment buildings.

6.     Upon information and belief, Third-Party Defendant, St. Paul Mercury Insurance Company is a Minnesota Corporation with its principal place of business in St. Paul, Minnesota, at 385 Washington Street, St. Paul, Minnesota, 55102.

7.     Upon information and belief, Third-Party Defendant, St. Paul Mercury Insurance Company is a "non admitted insurer" under the definition of the non-admitted insurer act, West Virginia Code §33-12(c)-20(G)-(H) and/or is a broker or surplus lines carrier under the act.

8.     Green Park Financial is a Limited Partnership existing under the laws of Maryland with a business address of 7500 Old Georgetown Road, Suite 800, Bethesda, Maryland, 20814.

9.     St. Paul Mercury Insurance Company insured Green Park who conducts business in the State of West Virginia.

10.     Green Park loaned money to Woodlark Properties III, LP to purchase the property at issue in this case. Said property is located in Huntington, West Virginia.

11.     Upon information and belief, Third-Party Defendant, St. Paul Mercury Insurance Company, maintained a general liability policy covering Third-Party Defendant, Green Park Financial against whom Third-Party Plaintiffs are seeking damages. The claim arises from a fire which occurred in Cabell County, West Virginia on January 13, 2007.

12.    This Declaratory Judgment action relates to the numerous tort actions consolidated and pending before the Honorable Judge David M. Pancake in this Court arising from the fire in Huntington, Cabell County, West Virginia and the Third-Party Complaint.

13.    A real controversy exists regarding Green Park's right to coverage under the policy issued to it by Third-Party Defendant, St. Paul Mercury Insurance Company. Accordingly, Third-Party Plaintiffs seek a Declaration of Rights under the policy, pursuant to WV Code 55-13-1, et seq.

14.    This Court has jurisdiction over this matter pursuant to WV Code §55-13-1, et seq. and W. Va. Code §56-3-33.

15.    The Defendants, Woodlark Properties III, LP; Woodlark Enterprises III, Inc.; Woodlark Properties IV, LLC and Alex Vence, Jr., have denied liability as to all of the Plaintiffs' claims.

16.    Defendants/Third-Party Plaintiffs incorporate the allegations of Plaintiffs' Complaints and their Third-Party Complaint against Green Park Financial as if fully set forth herein. Assuming the allegations of the various Complaints to be true, which these Defendants and Third-Party Plaintiffs have specifically denied, or have insufficient information to admit or deny in part as fully set forth in their Answers, Third-Party Defendants, Green Park Financial is solely, directly, jointly and/or severally liable for the injuries and/or damages sustained by the Plaintiffs and St. Paul Mercury Insurance provided coverage for the same.

17.    Defendants/Third-Party Plaintiffs incorporate the allegations of Plaintiffs' Complaints and their Third-Party Complaint against Green Park Financial as if fully set forth herein. Assuming the allegations of the various Complaints to be true, which these Defendants and Third-Party Plaintiffs have specifically denied, or have insufficient information to admit or deny,

in part as fully set forth in their Answers, Third-Party Defendant, Green Park Financial is liable over to these Defendants for indemnity and/or contribution and St. Paul Mercury Insurance Company provided coverage for the same.

## GENERAL STATEMENT OF FACTS

18.      Green Park Financial, LP maintained a policy of insurance with St. Paul Mercury Insurance Company.  (See Exhibit "A", a copy of St. Paul Mercury's Complaint in the U.S. District Court of Delaware, attached hereto and incorporated herein.)

19.      The policy issued to Green Park Financial, LP by St. Paul Mercury Insurance Company is believed to be a general liability policy.

20.      Upon information and belief, the general liability insurance policy issued to Green Park provided coverage and was in full force and effect for Green Park on January 13, 2007 and all other dates material herein.

21.      Upon information and belief, the general liability insurance policy issued to Green Park by St. Paul Mercury Insurance Company provided coverage to Green Park for the allegations of Plaintiffs' Complaints and/or the Third-Party Complaint of Defendants/Third-Party Plaintiffs, herein and is legally obligated to pay damages resulting from the acts or omissions of Green Park related thereto.

WHEREUPON, Defendants/Third-Party Plaintiffs, WOODLARK PROPERTIES III, LP; WOODLARK ENTERPRISES III, INC.; and ALEX VENCE, JR., request that this Court:

1)      find that St. Paul Mercury Insurance Company has coverage under
its policy for Green Park;

2)      find that St. Paul Mercury Insurance Company has an obligation to
indemnify Green Park with respect to the underlying actions.

BY:_____
**JENNIFER KEADLE MASON, ESQUIRE**
WV State Bar ID  6616
**DANIEL T. YON, ESQUIRE**
WV State Bar I.D. 6139
Attorneys for Defendants,
Woodlark Properties III, LP;
Woodlark Enterprises III, Inc.,
Woodlark Properties IV, LLC and Alex Vence

**AND**

Third-Party Plaintiffs,
Woodlark Properties III, LP;
Woodlark Enterprises III, Inc., and Alex Vence

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS**
625 Liberty Avenue
Dominion Tower, Suite 390
Pittsburgh, PA  15222
(412) 928-0502

**BAILES, CRAIG & YON, PLLC**
401 Tenth St., Suite 500
The St. James Bldg.
Post Office Box 1926
Huntington, WV  25720-1926
(304) 697-4700