IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE CO., :
:
Plaintiff, :
:
v. : Case No. 08-0144-SLR
:
GREEN PARK FINANCIAL L.P., et al., :
:
Defendant. :
:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT GREEN PARK FINANCIAL L.P.'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
<u>TO THE DISTRICT OF MARYLAND</u>**

David J. Baldwin, DE Bar No. 1010
POTTER ANDERSON & COROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801
(302) 984-6017 (telephone)
(302) 658-1192 (facsimile)
Email: dbaldwin@potteranderson.com

Of Counsel:
Neil K. Roman
Marialuisa S. Gallozzi
Joshua D. Wolson
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. N.W.
Washington, D.C. 20004
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)

*Attorneys for Defendant Green Park Financial L.P.*

Dated: May 8, 2008

This declaratory judgment action has nothing to do with Delaware and does not belong in its courts. Plaintiff St. Paul Mercury Insurance Company ("St. Paul") issued two liability insurance policies in Maryland, both of which cover Defendant Green Park Financial L.P. ("Green Park"), a Washington, D.C. limited partnership whose principal place of business is in Maryland. The dispute between St. Paul and Green Park arises out of litigation pending in West Virginia state court involving an apartment building fire in that state.

Despite the lack of connection between these events and the State of Delaware, St. Paul improperly asks this Court to rule that St. Paul has no obligations under the two policies that it issued. The Court should decline to do so. Instead, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), the Court should dismiss this action for improper venue. Alternatively, because this case involves a dispute between an insurer and its Maryland-based insured over the scope of coverage provided by policies issued in Maryland, the Court should transfer the case to the United States District Court for the District of Maryland.

## **BACKGROUND**

St. Paul issued to Walker & Dunlop, Inc., a Commercial General Liability insurance policy and an Umbrella Excess Liability policy (collectively, the "Policies"), each numbered FS06803591, effective June 1, 2006 to June 1, 2007. (Complaint ¶ 7.) Green Park is listed as an "additional named insured" on each of the Policies. (*Id.*)

On April 18, 2007, Green Park notified St. Paul of a potential claim against it under the Policies in connection with pending litigation in West Virginia state court. The West Virginia litigation arises out of a fire at a property in West Virginia for which Green Park was a mortgagee. (*Id.* ¶ 15.) The defendants in the West Virginia litigation include Woodlark Properties III LP, the building's owner and Green Park's mortgagor, which is also a defendant

here.[1] In November 2007, the defendants in the West Virginia litigation moved for leave to file a third-party complaint against Green Park (among others), asserting a cause of action for negligence. (*Id.* ¶ 13.) On January 2, 2008, St. Paul agreed to defend Green Park in the West Virginia litigation, subject to a reservation of rights and until such time as a court entered a judgment declaring that St. Paul is not obligated to defend Green Park. (*Id.* ¶ 17.)

On March 11, St. Paul filed this action, asking this Court to declare that it has no obligation to defend Green Park in the West Virginia litigation or to indemnify Green Park for any losses that it suffers in connection with that case. St. Paul does not – and cannot – allege that any action related to the Policies or the West Virginia litigation occurred in Delaware.

## ARGUMENT

Venue is not proper in this Court because none of the events or omissions giving rise to the events at issue in this case occurred in Delaware. "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). The only potentially applicable clause is the second,[2] under which "[t]he test

---

[1]   Woodlark Enterprises III, Inc. is also a defendant in West Virginia and here; it is the general partner of Woodlark Properties III, LP.

[2]   St. Paul alleges that the defendants are residents of separate states: Green Park resides in Washington, D.C. and in Maryland, and the Woodlark defendants reside in Delaware and New York. (Complaint ¶¶ 2-4.) Thus, the first clause of § 1391(a) does not apply. Moreover, (continued...)

2

for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *St. Clair Intellectual Property Consultants, Inc. v. Mirage Sys., Inc.*, 419 F. Supp. 2d 620, 623 (D. Del. 2006) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 293 (3d Cir. 1994)).

St. Paul has not alleged, and cannot show, that a substantial part of the events or omissions giving rise to its claims arose in this judicial district. The Policies were issued in Maryland to Walker & Dunlop – a Maryland company – and they list Green Park – a Maryland limited partnership – as an additional named insured. A broker based in Bethesda, Maryland secured the Policies, and negotiations about the terms of the Policies took place in Maryland. Moreover, the litigation that gives rise to this dispute is pending in West Virginia. There is no connection – <u>none</u> – between Delaware and any of the events at issue in this case. Accordingly, there is no venue in this Court, and the Court should dismiss this case. *See MIIX Ins. Co. v. Assoc., Women's Health Specialists, P.C.*, Civ. No. 07-1635, 2007 WL 4163999, at *6 (D.N.J. Nov. 19, 2007) (venue in dispute over insurance coverage is proper where contract was negotiated and formed and where effects of coverage determination are felt).

The decision in *MIIX* is instructive here. In that case, a Connecticut-based medical practice purchased professional liability insurance from MIIX, a New Jersey-based insurer. The medical practice was sued in Connecticut for malpractice, and it settled that claim. MIIX sought a declaratory judgment in New Jersey that it had no obligation under the policy. The court held that venue was not proper in New Jersey even though the decision to deny coverage was made in New Jersey, the claim was tendered to the insurer in New Jersey,

---

because this case could have been brought in the District of Maryland, the third, catch-all clause of § 1391 does not apply.

3

payments on the policies at issue were sent to New Jersey, and the bank underwriting the policy was located in New Jersey. *See id.* Here, St. Paul cannot allege even these minimal connections with Delaware, making venue improper, just as it was in *MIIX*.

Alternatively, the Court should transfer this case to the United States District Court for the District of Maryland. At its core, this case is a dispute between an insurer, St. Paul, and its insured, Green Park, about the scope of coverage that St. Paul promised to provide. That dispute arises in Maryland, where the Policies were issued and where Green Park will feel the effects of any coverage determination. The proper venue for a dispute between an insurer and its Maryland-based insured over a policy issued in Maryland is Maryland.[3]

## CONCLUSION

For the foregoing reasons, the Court should dismiss this action for improper venue. Alternatively, the Court should transfer the case to the United States District Court for the District of Maryland.

---

[3] The Court need not consider the presence of the Woodlark entities in this case in making any transfer determination. The Woodlark entities are strangers to the contractual relationship between Green Park and St. Paul and therefore are not proper parties to this contract dispute. If St. Paul wants a judicial determination that it is not liable to the Woodlark entities, it should do so in response to the Woodlark entities' proposed third-party complaint against St. Paul in West Virginia.

Respectfully submitted,

POTTER ANDERSON & COROON LLP

By _____
David J. Baldwin, DE Bar No. 1010
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801
(302) 984-6017 (telephone)
(302) 658-1192 (facsimile)
Email: dbaldwin@potteranderson.com

Of Counsel:

Neil K. Roman
Marialuisa S. Gallozzi
Joshua D. Wolson
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. N.W.
Washington, D.C. 20004
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)

*Attorneys for Defendant Green Park Financial L.P.*

Dated: May 8, 2008

5

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE CO.,     :
                                                             :
     Plaintiff,                                       :
                                                             :
                v.                                 :     Case No. 08-0144-SLR
                                                             :
GREEN PARK FINANCIAL L.P., et al.,    :
                                                             :
     Defendant.                                  :
                                                             :

<u>ORDER</u>

IT IS HEREBY ORDERED, this _____ day of _____, 2008, upon consideration of Defendant Green Park Financial, LP's Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion To Dismiss Or, In The Alternative, To Transfer To The District Of Maryland, that Defendant's motion is GRANTED and the complaint is DISMISSED.

                                                  _____
                                                 United States District Judge

## CERTIFICATE OF SERVICE

I, David J. Baldwin, do hereby certify that on this 8th day of May, 2008, true and correct copies of the foregoing Defendant Green Park Financial L.P.'s Memorandum of Points and Authorities in Support of Defendant Green Park Financial L.P.'s Motion to Dismiss or, in the Alternative, to Transfer to the District of Maryland, were served upon all counsel of record via that Court's CM/ECF electronic filing system.

David J. Baldwin