IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 08-144 (SLR) |
| GREEN PARK FINANCIAL, LP, | ) ) ) | |
| and | ) ) ) | |
| WOODLARK PROPERTIES III, LP, WOODLARK ENTERPRISES, III, INC., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF ST. PAUL MERCURY INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO GREEN PARK FINANCIAL, LP'S MOTION TO DISMISS**

Plaintiff St. Paul Mercury Insurance Company ("St. Paul"), by its undersigned attorneys, submits this opposition to Green Park Financial, LP's ("Green Park") Motion to Dismiss for improper venue, or in the alternative, to transfer the case to the District of Maryland.

**INTRODUCTION**

Eight lawsuits (the "Underlying Actions") were instituted against Woodlark Properties III, LP, Woodlark Enterprises III, Inc. (collectively "Woodlark") and Alex Vence, Jr. ("Vence") in the Circuit Court of Cabell County, West Virginia, relating to a fire at the Emmons Jr. and Emmons Sr. apartment buildings owned by Woodlark and managed by Woodlark's employee, Vence, in Huntington, West Virginia. Woodlark and Vence filed a third-party complaint against Green Park seeking indemnity and/or contribution for any liability they may have in the Underlying Actions. The basis for their alleged claim against Green Park is that in connection with the origination of a mortgage for Woodlark, Green Park recommended a building inspector

to Woodlark. Woodlark alleges that the building inspector, who it has also sued in a third-party claim, did not accurately advise it of the condition of the buildings.

Green Park is a named insured on St. Paul primary and umbrella commercial general liability policies (the "Policies") that were in effect at the time of the fire. Although the Policies contain a Financial Professional Services exclusion that specifically excludes coverage for liability arising out of "mortgage operations," St. Paul is defending Green Park against the third-party complaint pursuant to a reservation of rights. St. Paul also, however, filed this declaratory judgment action seeking a declaration that it has no defense or indemnity obligation to Green Park in view of the Financial Services Exclusion.

St. Paul named Green Park and Woodlark as defendants. Woodlark is incorporated in Delaware with its principal place of business in New York, and Green Park is a District of Columbia corporation that regularly conducts business in Delaware.

On May 8, 2008, Green Park moved to dismiss for improper venue, or in the alternative, to transfer to the District of Maryland. For the reasons set forth below, Green Parks' motion to dismiss should be denied.

## STANDARD OF REVIEW

In deciding a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3), the moving party has the burden of proving that venue is improper. *See Albright v. Gord*, Civ.A.No. 02-304- 2002 WL 1765340, *3 (D.Del. July 31, 2002)(citing *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir.1982)). "[I]n ruling on defendant['s] motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)(citation omitted).

Green Park has the burden of proving that venue is improper and that the case should either be dismissed or transferred. Green Park has failed to meet that burden, and its motion should be denied.

## ARGUMENT

**I.    Green Park's Motion to Dismiss Should be Denied Because Venue is Proper in the U.S. District Court for Delaware Under 28 U.S.C. §1391(a)(1)**

The Court's jurisdiction in this matter is based solely on diversity of citizenship. In a diversity action, 28 U.S.C. §1391(a)(1) provides that venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State…" For purposes of the venue statute, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced…" 28 U.S.C. §1391(c). Because Woodlark and Green Park are subject to personal jurisdiction in this Court, venue in this Court is proper.

Woodlark is a Delaware corporation, with a registered agent for service in the state, and is therefore subject to the jurisdiction of this Court. Green Park is a foreign corporation that regularly does business in Delaware, and is therefore subject to personal jurisdiction in Delaware under 10 Del.C §3104, which provides that "a court may exercise personal jurisdiction over any nonresident . . . who in personal or through an agent . . . (4) . . . regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"[1] Thus, both Woodlark and Green Park are subject to the personal jurisdiction of this Court, and venue lies here under 28 U.S.C §1391(a)(1).

---

[1] According to its website, Green Park conducts business in 43 states, including Delaware, and recently developed a housing community in Smyrna, Delaware.

08110/0/00397024.DOCv1                                    3

In its motion to dismiss, Green Park incorrectly contends that all defendants do not reside in the same state, and therefore that 28 U.S.C. §1391(a)(1) is inapplicable. (Motion to Dismiss at 2, and footnote 2). Green Park points to St. Paul's complaint at ¶2-4 for support, but paraphrases that St. Paul "alleges the defendants are residents of separate states. . . ." Green Park's argument misquotes the complaint and misleads the Court. Green Park omits the key allegation in ¶ 2 that "Green Park regularly does business in Delaware." It is Green Park's regular business activities in Delaware that subject it to the personal jurisdiction of this Court, which, in turn, allows venue to lie in the Court under §1391(a). Green Park's focus on its place of incorporation and its principal place of business confuses domicile (for purposes of personal jurisdiction) with residence (for purposes of venue). Green Park's argument that venue is improper under §1391(a)(1) because all defendants do not reside in Delaware is wrong because its actual premise – that the defendants are not residents of the same state – is wrong.

Green Park's arguments regarding the application of 28 U.S.C §1391(a)(2) are irrelevant, as venue is proper under §1391(a)(1), and Green Park's §1392(a)(2) argument requires no further response.

II.   **The Court Should Not Transfer the Action Because Delaware is the Best Forum to Resolve This Coverage Dispute**

   A.   <u>Transfer Under §1406(a) Is Inappropriate Because Venue Is Proper In This Court</u>

Green Park argues, in the alternative, that the Court should transfer the case to the District of Maryland pursuant to 28 U.S.C. §1406(a), which provides that when a party lays venue in the wrong judicial district, the court may, in the interest of justice, transfer the case to a district in which it could have been brought. Transfer under §1406(a) is not permitted under these circumstances, and Green Park's motion to transfer should be denied.

First, the initial premise of 28 U.S.C. §1406(a)– that a party has improperly laid venue– is not met here. As explained above, venue is appropriate under 28 U.S.C. §1391(a) because Green Park regularly conducts business in Delaware. Transfer under §1406(a) would only be an appropriate remedy if St. Paul had incorrectly laid venue in the first place. See *FS Photo, Inc. v. Picture Vision, Inc.,* 48 F. Supp. 2d 442 (D. Del. 1999) (explaining that 28 U.S.C. §1406(a) governs situations where venue is improperly laid); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) (holding that venue was proper where the defendant transacts business, so a motion to dismiss under 28 U.S.C. §1406(a) was denied); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 n.8, 108 S.Ct. 2239, 2243 n.8 (1988) ("The parties do not dispute that the District Court properly denied the motion to dismiss the case for improper venue under 28 U.S.C. §1406(a) because respondent apparently does business [there].")[2]

Further, Green Park's motion to transfer this action to the Maryland District Court ignores the second prong of 28 U.S.C. §1406(a)– that the action must be transferred to "a district in which the action could have been brought." This Court has construed this to mean that the proposed transferee forum must be one having personal jurisdiction and venue over the defendant. *FS Photo, Inc. v. Picture Vision, Inc.,* 48 F. Supp. 2d at 449. The Maryland District Court is not such a jurisdiction. Woodlark, a defendant not even considered in Green Park's motion, is a Delaware corporation with its principal place of business in New York. Despite its best efforts, St. Paul has found no connection between Woodlark and Maryland that would subject it to the personal jurisdiction of the Maryland District Court. Because the Maryland District Court cannot obtain personal jurisdiction over one of the defendants, it is not a jurisdiction in which the action "could have been brought," and transfer there is not available under the clear terms of 28 U.S.C. §1406(a).

---

[2] A few cases in the Third Circuit have held that transfer is appropriate under 28 U.S.C. §1406(a) in the limited circumstance where venue is proper, but personal jurisdiction is lacking and dismissal would prohibit the plaintiff's action in another state because of the statute of limitations. See *Carteret Sav. Bank, FA v. Shushan*, 919 F.2d 225 (3d Cir. 1995). These cases are not applicable here.

B.	Delaware Is The Best Forum To Resolve This Coverage Dispute

Fundamentally, St. Paul and Green Park agree that this matter should be resolved by a federal court, but disagree as to which court is best suited to hear the matter. The Court may rest assured, however, that St. Paul weighed its options carefully in bringing this action and has no hidden agenda in selecting Delaware as the forum. It is simply the court best situated to hear the matter under all of the circumstances presented.

This case involves the application of Maryland state law to the insurance contract between St. Paul and Green Park. Neither a federal nor a state court in Maryland could hear this dispute, as one of the defendants (Woodlark) is not subject to personal jurisdiction there. Absent that option, St. Paul selected the closest jurisdiction (geographically) to Maryland that could assert personal jurisdiction over both defendants against whom St. Paul seeks relief.[3] St. Paul's choice of forum recognizes that this Court, like all federal courts, is routinely called upon to apply the laws of other states and can adequately do so in these circumstances. As previously noted by this Court, St. Paul's choice of forum should be given deference, as long as it selected this forum for a legitimate reason. See *Cisco Systems, Inc. v. GPNE Corp.*, Civ. No. 07-671-SLR, 2008 WL 1758866 at *1 (D. Del. April 17, 2008); *Alcoa, Inc. v. Alcan, Inc.*, Civ. No. 06-451-SLR, 2007 WL 1948821 at *2 (D. Del. July 2, 2007).

---

[3] St. Paul is not a party to the West Virginia action, nor did it wish to entwine the coverage issues with the litigation of liability for a tragedy involving the loss of nine lives. To do so, in St. Paul's opinion, would place the judge (or jury) in the awkward position of possibly reducing the amount of funds from which to compensate the families of victims sitting right before them.

## CONCLUSION

For the reasons set forth above, Green Park's motion to dismiss, or in the alternative transfer the case, for lack of venue should be denied.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ Neal J. Levitsky, Esquire
Neal J. Levitsky, Esquire (No. 2092)
Seth A. Niederman, Esquire (No. 4588)
919 N. Market Street, Suite 1300
Wilmington, DE  19801
(302) 622-4200
*Attorneys for Plaintiff*
*St. Paul Mercury Insurance Company*

**OF COUNSEL:**
Lee H. Ogburn, Esquire
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD  21202-3201
(410) 752-6030

Dated:  May 19, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the attached pleading was served this 19th day of May, 2008, on the following individuals by CM/ECF electronic filing:

David J. Baldwin, Esquire
**Potter Anderson & Corroon, LLP**

John Anthony Macconi, Jr., Esquire
Daniel P. Bennett, Esquire
**Mintzer Sarowitz Zeris Ledva & Meyers, LLP**

                                            /s/ Neal J. Levitsky
                                            Neal J. Levitsky, Esquire (No. 2092)