IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 08-144 |

**DEFENDANTS', WOODLARK PROPERTIES, III, LP AND WOODLARK ENTERPRISES, III, LP, REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES AND FOR IMPROPER VENUE (CORRECTED)**

Defendants, Woodlark Properties, III, LP and Woodlark Enterprises, III, LP ("Woodlark III"), hereby reply to Plaintiff's opposition to Woodlark III's Motion to Dismiss for failure to join necessary and indispensable parties and for improper venue.

**ARGUMENT**

**I.   VENCE AND THE UNDERLYING PLAINTIFFS ARE NECESSARY AND INDISPENSABLE PARTIES.**

  **A.   Vence and the Underlying Plaintiffs Have a Significantly Protectable Interest.**

Vence and the Underlying Plaintiffs have a significantly protectable interest in this action, thus making them necessary and indispensable parties. Two Circuit Courts of Appeal have deemed the interest of a potential beneficiary to a liability policy to be a significantly protectable interest.

The Fourth Circuit Court of Appeals decided *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991), which involved class action plaintiffs who moved to intervene in a declaratory judgment

action brought by an insurer against its insured for a coverage determination with regard to the plaintiffs' underlying suit. The Court reasoned that the plaintiffs stood "to gain or lose by the direct legal operation of the [lower] court's judgment on [the declaratory judgment Complaint]." *Teague*, 931 F.2d at 261. It added:

> After seeking a declaratory judgment that it is not liable under [the policy] with regard to the class action, [the declaratory judgment plaintiff] cannot now be heard to claim that the [class action plaintiffs] lack a sufficient interest to oppose such declaratory judgment.

*Id.*

The Seventh Circuit Court of Appeals, in *Thoele v. Aetna Casualty & Surety*, 39 F.3d 724 (7th Cir. 1994), allowed underlying plaintiffs to be added to a declaratory judgment action between an insured/underlying defendant and his insurer because of "their obvious interest in the coverage of the [insured/underlying defendant's] insurance policy." *Thoele*, 39 F.3d at 726. For the parties' addition, the Court relied upon *Reagor v. Travelers Insurance Company*, 415 N.E. 2d 512 (Ill. App. Ct. 1981), which stated:

> [L]iability insurance is no longer considered merely a private matter between an insured and an insurer. Rather, liability insurance abounds with public policy considerations, one of which is that the risk spreading theories of such policies should operate to afford affected members of the public the maximum protection possible consonant with fairness to the insurer. In this respect, we adopt the position that injured members of the general public are beneficiaries of liability insurance policies. As a beneficiary of a liability insurance policy, an insured person has rights under the policy which vest at the time of the occurrence giving rise to his injuries. Moreover, he is a real party in interest to the liability insurance contract. The injured person must be given the opportunity to litigate the question of coverage under the liability insurance policy before his interest in the insurance may be terminated. *Thus, where an insurer brings a declaratory judgment action to determine coverage of a claim made against its insured, the injured person is a necessary party to the suit.*

*Reagor*, 415 N.E.2d at 514 (emphasis added) (internal citations omitted).

Vence's and the Underlying Plaintiffs' interest in Green Park's policy is a significantly protectable interest, and they therefore are necessary and indispensable parties. They certainly stand to lose or gain depending on the coverage determination at issue in the present case, and Plaintiff, like that in *Teague*, cannot sidestep the interest after filing suit for a determination about the benefit thereunder that may inure to Vence and the Underlying Plaintiffs. Those parties, injured by Green Park, have vested rights in its policy with Plaintiff, and are required to be afforded the opportunity to litigate the issue of coverage.

Plaintiff, in its answering brief, seeks to minimize Vence's and the Underlying Plaintiffs' interest by referring to it as merely financial. This, however, ignores the above Circuit Courts' decisions which do not leave Vence and the Underlying Plaintiffs with a minimal interest at all, but rather one that is significantly protectable. In fact, the only case cited by Plaintiff to support its argument is of the only Circuit Court that has so held.

Although both Vence and the Underlying Plaintiffs have the same significantly protectable interest, Vence's omission as a named party is slightly more curious because he has the exact same litigant status in this action as Woodlark III. Plaintiff, perhaps in light of Woodlark III's third-party action against Green Park in West Virginia, named Woodlark III, a necessary and indispensable party. Vence, however, is also a Third-Party Plaintiff in that West Virginia third-party action, and logic would therefore dictate that Vence should also have been named here, also as a necessary and indispensable party. The explanation for his omission seemingly lies in Plaintiff's quest to achieve and maintain jurisdiction in Delaware. To also name Vence, a West Virginia citizen, would be to destroy jurisdiction in this state since this Court does not have personal jurisdiction over Mr. Vence. Plaintiff's motive is essentially borne

out in its answering brief to Green Park's motion to dismiss. D.I. 14, at Section II.B.[1] To St. Paul, Woodlark III is seemingly necessary and indispensable enough that it had to name them as a party, thereby "prohibiting" them from litigating the case in Maryland, but Vence, who is in the exact same position, is not "necessary and indispensable," because it would prevent them from continuing this case in Delaware. While it also conveniently allows Plaintiff to argue that Vence's absence is of no matter because his interests will be protected by Woodlark III, Plaintiff's procedural choices remain impermissible and Vence is a necessary and indispensable party with a right to protect his own interest. St. Paul cannot pick and choose the parties it names solely based upon obtaining the forum it desires, which it has obviously done in this instance.

**B.    Plaintiff's Other Cited Cases are Also Distinguishable.**

Plaintiff cites to *Angst v. Royal Maccabees Life Insurance Company*, 77 F.3d 701 (3d Cir. 1996), and *Alcoa, Inc. v. Alcan, Inc.*, 495 F.Supp.2d 459 (D. Del. 2007), as support for its argument that complete relief can be afforded among the existing parties. (Incidentally, this argument also calls Plaintiff's aforementioned motive into question as, with regard to the insurance contract between Plaintiff and Green Park, Vence and Woodlark III are exactly aligned.) These cases, however, are distinguishable from the present one.

*Angst* involved a receiver for the deceased's law practice who moved to intervene in a suit brought by a beneficiary of the deceased's life insurance policies against the insurer. The receiver sought to have a constructive trust imposed on the policies' proceeds. The receiver, at first, was deemed not to be a necessary party, but because his "interest in the litigation would

---

[1] "This case involves the application of Maryland state law to the insurance contract between St. Paul and Green Park. Neither a federal nor a state court in Maryland could hear this dispute, as one of the defendants (Woodlark) is not subject to personal jurisdiction there." Plaintiff's answering brief to Green Park's motion to dismiss at p. 6.

4

theoretically not come into play until after [the beneficiary] had received the proceeds, as he seeks to impose a constructive trust on them." *Angst*, 77 F.3d at 705. Ironically, the receiver was eventually determined to be a necessary party, once the Court conducted its complete Rule 19 analysis.

*Alcoa* involved a California city that requested environmental contamination remediation at a particular site, and a contractual dispute arose between the current and former owners to determine which was responsible for undertaking those efforts. The Court held that the city was not a necessary party to the declaratory judgment action, reasoning:

> Since liability for the remediation costs can be determined without calling the governmental action into question (i.e., the City's actions need not be evaluated by the court in order to fashion the declarative relief plaintiff has requested), the court finds that the City is not a necessary party for purposes of Rule 19.

*Alcoa*, 495 F. Supp. 2d at 465 (citation omitted).

Unlike the receiver in *Angst*, Vence and the Underlying Plaintiffs have a direct interest in the subject policy and resulting coverage decision, not merely an interest that only becomes so depending upon that decision. Further, the receiver was deemed to be a necessary party in light of all of Rule 19's provisions, and as demonstrated above Vence and the Underlying Plaintiffs have a cognizable interest, deserving of protection under the rule, and are therefore necessary parties.

Moreover, unlike the city in *Alcoa*, Vence and the Underlying Plaintiffs have an actual interest. The city had merely made a remediation request, and had no interest in the resulting action between the owners. Whose responsibility it was to pay for the remediation efforts did not concern the city, as opposed to Vence's and the Underlying Plaintiffs' concern for its significant interest, Green Park's policy with Plaintiff.

5

Neither <u>Angst</u> or <u>Alcoa</u> involve a liability insurance policy. The argument that the underlying Plaintiffs and Vence are not named beneficiaries to the contract fails when viewed in the context of a liability insurance. It is the very nature of a liability policy that beneficiaries are not specifically named. Instead, all persons injured by the negligence of the named insured are expected and intended beneficiaries of that contract. That is the intent of the insurer and named insured when entering into the insurance contract. For Plaintiff to argue that the underlying Plaintiffs only have a "financial" interest fails to recognize the nature of liability coverage which contemplates them as the intended beneficiaries of such contract, thereby providing a substantial interest in the contract.

### C. The Substantial Risk is that of Potentially Inconsistent Obligations.

Inconsistent rulings by this Court and the West Virginia court deciding Woodlark III's Third-Party declaratory judgment action against Plaintiff on the issue of insurance coverage for Green Park could result in inconsistent obligations for Woodlark III, not, as Plaintiff contends in its answering brief, that the potential inconsistency would lie between this Court's coverage determination and the West Virginia court's liability determination. As stated in Woodlark III's opening brief, one court should decide the entire case with all of its involved issues, and to foster that Woodlark III has filed the aforementioned Third-Party action against Plaintiff in West Virginia. Having one court, the West Virginia court, to decide *all* of the issues would most effectively protect "against [a] situation[] in which there are two court orders and compliance with one might breach the other," *see Remington Arms Company v. Liberty Mutual Insurance Company*, 748 F. Supp. 1057, 1067 (D. Del. 1990), or, in other words, one court finding coverage while the other does not, with the resulting morass.

### II. THE PROPER VENUE FOR THIS ACTION IS WEST VIRGINIA.

Because the event, the fire, and the property, the apartment building, that are the subject of this claim occurred and are located, respectively, in West Virginia, that is the more proper venue for this action. In fact, *nothing* about the claim relates to Delaware, not even this coverage dispute.[2] Moreover, the totality of this case's issues, those in the underlying actions as well as this dispute (by way of Woodlark III's and Vence's Third-Party actions against Green Park and Plaintiff), are already before West Virginia's Circuit Court, and therefore that court is in the best position to decide them all. Delaware was an improperly chosen forum.

The above is especially true in light of Plaintiff's omission of necessary and indispensable parties Vence and the Underlying Plaintiffs. As set forth in Woodlark III's opening brief, the subsection of § 1391(a) relied upon by Plaintiff consequently fails because not all necessary and indispensable parties reside in the same state. Plaintiff, in its answering brief, incorrectly interprets Woodlark III's argument. While Woodlark III acknowledges that, as originally styled, this action could find venue in Delaware, the fact is, if *correctly* styled, with all requisite parties included, it could not.

## CONCLUSION

For the foregoing reasons, Plaintiff's declaratory judgment Complaint should be dismissed for failure to join necessary and indispensable parties and for improper venue.

                    MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

                    /s/ Daniel P. Bennett

                    DANIEL P. BENNETT, ESQUIRE  I.D. 2842
                    1220 North Market Street, Suite 300
                    Wilmington, DE 19801
                    (302) 655-2181
                    Attorney for Defendant(s), Woodlark Properties, III, LP, and Woodlark Enterprises, III, Inc.

Date: May 22, 2008          MSZL&M File No. 000429.000003

---

[2] "This case involves the application of Maryland state law to the insurance contract between St. Paul and Green Park." *Id.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | NO. 08-144 |
| vs. | |
| GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, DANIEL P. BENNETT, do hereby certify that on the 22nd day of May 2008 two true and correct copies of Defendants', Woodlark Properties, III, LP and Woodlark Enterprises, III, LP, Reply Brief in Support of Their Motion to Dismiss For Failure to Join Necessary and Indispensable Parties and For Improper Venue (Corrected) were forwarded to counsel as follows via e-filing and first class mail:

Neal J. Levitsky, Esquire
FOX ROTHSCHILD, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE  19899

Seth A. Niederman, Esquire
FOX ROTHSCHILD, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE  19899

David J. Baldwin, Esquire
POTTER ANDERSON & COROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE  19801

MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

_/s/ Daniel P. Bennett_

DANIEL P. BENNETT, ESQUIRE  I.D. 2842
1220 North Market Street, Suite 300
Wilmington, DE 19801
(302) 655-2181
Attorney for Defendant(s), Woodlark Properties, III, LP, and Woodlark Enterprises, III, Inc.
MSZL&M File No. 000429.000003

(CORRECTED)