IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE CO., :
:
    Plaintiff, :
:
    v. :    Civil Action No: 08-0144 (SLR)
:
GREEN PARK FINANCIAL L.P., et al., :
:
    Defendant. :
:

**DEFENDANT GREEN PARK FINANCIAL L.P.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE DISTRICT OF MARYLAND**

    St. Paul's Opposition acknowledges that it brought suit in this Court so that it could include Woodlark in this insurance coverage dispute (Opp. at 6), notwithstanding that Woodlark is a stranger to the insurance contracts between Green Park and St. Paul and that St. Paul (unsurprisingly) seeks no relief as to Woodlark. When Woodlark's presence in the case is disregarded, as it should be, it is clear that the case should be transferred to Maryland – the jurisdiction in which Green Park is based, in which the policies were issued, and whose law applies.

    St. Paul could not have been more candid in its Opposition: "This case involves the application of Maryland state law to the insurance contract between St. Paul and Green Park." (*Id.*) Woodlark is not a party to the insurance contracts between St. Paul and Green Park and has no role in this dispute, as confirmed by St. Paul's failure to ask the Court for <u>any</u> relief from Woodlark.[1] Instead, St. Paul's Complaint asserts only that an "actual and justiciable

---

[1] Because Vence and the plaintiffs in the West Virginia litigation are, like Woodlark, strangers to the insurance contracts between Green Park and St. Paul, Green Park agrees with St. (continued...)

controversy exists <u>between Green Park and St. Paul</u> with respect to St. Paul's defense and indemnity obligations." (Compl. ¶ 23 (emphasis added).) St. Paul then seeks a declaration that St. Paul has no obligation "<u>to defend Green Park</u>" or "<u>to indemnify Green Park</u>" with respect to the West Virginia litigation. (*Id.* Prayer for Relief ¶¶ (a), (b) (emphasis added).) In the absence of Woodlark, there is no reason – <u>none</u> – why this case should remain in this Court.

If not dismissed, the case should be transferred to the U.S. District Court for the District of Maryland. Even if St. Paul is correct that venue lays in this Court, the Court may and should transfer pursuant to 28 U.S.C. § 1404(a). In considering whether to transfer under section 1404(a), the Third Circuit has "provided an extensive list of factors that may be relevant," several of which favor transfer of this case, including the "defendant's choice of forum," "where the claim arose," "the local interest in deciding local controversies at home," and "the familiarity of the two courts with state law." *E.g., In re Amendt*, 169 Fed. App'x 93, 96 (3d Cir. 2006) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). Because there is no dispute that this case requires interpretation under Maryland law of insurance contracts that provide coverage for a Maryland insured, the claim arises in Maryland; moreover, Maryland, unlike Delaware, has a local interest in resolving the controversy, and, with all respect, a federal judge based in Maryland is likely to be more familiar with Maryland insurance law than is this Court.

St. Paul ignores most of these factors and contends that the Court should defer to its choice of forum "as long as it selected this forum for a legitimate reason." (Opp. at 6.) St. Paul, however, cannot satisfy even this burden, and its choice of forum should therefore be

---

Paul that Vence and the West Virginia plaintiffs are not indispensable to this litigation. As non-parties to the insurance policies at issue, none is a proper party here.

disregarded. The only reason that St. Paul chose this forum was to sue Woodlark – a non-party to the insurance contracts at issue and a party from whom St. Paul does not seek any relief. St. Paul's choice of this forum therefore rests on a flawed premise and should be accorded little or no weight.[2]

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in Green Park's Memorandum of Points and Authorities in support of this Motion, the Court should transfer this case to the U.S. District Court for the District of Maryland.

Respectfully submitted,

Of Counsel:

Neil K. Roman
Marialuisa S. Gallozzi
Joshua D. Wolson
COVINGTON & BURLING LLP
1201 Pennsylvania Ave. N.W.
Washington, D.C. 20004
(202) 662-6000 (telephone)
(202) 662-6291 (facsimile)

POTTER ANDERSON & CORROON LLP

By: /s/ David J. Baldwin
David J. Baldwin, DE Bar No. 1010
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801
(302) 984-6017 (telephone)
(302) 658-1192 (facsimile)
Email: dbaldwin@potteranderson.com

*Attorneys for Defendant Green Park Financial L.P.*

May 23, 2008

---

[2] St. Paul's assertion that it is "not a party to the West Virginia action" (Opp. at 6 n.3) is simply not true. On May 9, 2008, the Judge in the West Virginia litigation orally granted Woodlark's motion to amend its third-party complaint and add St. Paul as a party. If St. Paul wants a judicial determination that Woodlark has no legitimate claim against it, St. Paul should move to dismiss Woodlark's third-party complaint pursuant to W.V. R. Civ. P. 12(b)(6).

## CERTIFICATE OF SERVICE

I, David J. Baldwin, do hereby certify that on this 23rd day of May, 2008, true and correct copies of the foregoing Defendant Green Park Financial L.P.'s Reply Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Transfer to the District of Maryland, were served upon all counsel of record via that Court's CM/ECF electronic filing system.

*/s/ David J. Baldwin*
David J. Baldwin

DC: 2833917-1