IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 08-144 |

### DEFENDANTS', WOODLARK PROPERTIES, III, LP AND WOODLARK ENTERPRISES, III, LP, ANSWERING BRIEF TO DEFENDANT GREEN PARK FINANCIAL, LP'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE DISTRICT OF MARYLAND

Defendants, Woodlark Properties, III, LP and Woodlark Enterprises, III, LP ("Woodlark III"), hereby join in Defendant Green Park Financial, LP's Motion to Dismiss but oppose its alternative remedy, to transfer to the District of Maryland.

### ARGUMENT

Green Park first argues in its motion for a dismissal of this action, and Woodlark III join in the enumerated bases for such a dismissal. Additionally, Woodlark III has separately argued for the action's dismissal in previous filings. Woodlark III, however, oppose Green Park's alternative remedy.

Green Park alternatively argues in its Motion to Dismiss that this action should be transferred to the District of Maryland. To do so, however, would make as little sense as having this Court decide the matter. Specifically, Green Park states that Maryland is the proper forum

because that is "where Green Park will feel the effects of any coverage determination." Green Park's Motion to Dismiss, at p. 4. This contention is curious. *Clearly*, where Green Park will feel the effects of any coverage determination is West Virginia. The underlying fire occurred there, the Underlying Plaintiffs' suits were brought there, Woodlark III brought Green Park into the underlying actions there, any responsibility to Woodlark III that Green Park is deemed to have will be there, and, necessarily, Green Park will feel the effects of any coverage determination there.

At the risk of duplicating arguments from their previous filings in this case, Woodlark III is compelled to follow-up on the above by reiterating that its Third-Party action against Plaintiff in West Virginia state court, where the underlying actions are pending, accomplishes a streamlining of the issues, as well as landing the entire case precisely "where Green Park will feel the effects of any coverage determination."

At footnote three of Green Park's Motion to Dismiss, it, inadvertently perhaps, strengthens Woodlark III's argument that West Virginia state court is the most proper venue for this action. While Woodlark III may be strangers to Green Park's contract with Plaintiff, they certainly are not to the actions, and moreover, involved Green Park (and Plaintiff) therein in the first place – in West Virginia. To blithely contend that Woodlark III are not proper parties to this coverage determination ignores that such determination would not be necessary without them, as well as ignores their (as well as Vence's and the Underlying Plaintiffs') significantly protectable interest. Finally, Green Park specifically references Woodlark III's Third-Party action. In light thereof, it would make little sense, not to mention violate judicial economy, to litigate the coverage issue in West Virginia, and *also* somewhere else, whether that be Delaware, or Maryland.

Lastly, Green Park's cite to *MIIX Ins. Co. v. Associated Women's Health Specialists, P.C.*, 2007 WL 4163999 (D.N.J. Nov. 19, 2007), underscores that this issue should be litigated in West Virginia state court, through Woodlark III's Third-Party action, and not transferred to Maryland.[1] The case analysis provided by Green Park in its Motion to Dismiss is incorrect, but incomplete as to the non-transfer issue. The basis for the Court's decision was largely that "the event on which the coverage decision is based occurred in Connecticut . . . emerging in Connecticut litigation, and the effects of the denial were felt only in Connecticut." *MIIX*, 2007 WL 4163999 at *6. Of course, substitute "West Virginia" for "Connecticut" and that entire rationale applies with equal force to the present case. Secondarily, the Court found that the insurance policy's non-beneficiaries'

> property interest in this coverage case is in Connecticut by virtue of their Connecticut judgment, as [the non-beneficiaries] were strangers to the formation of the insurance contract; Connecticut venue is appropriate as to [the non-beneficiaries] because "a substantial part of the property that is the subject of the action is situated" in Connecticut.

*Id.* (citing 28 U.S.C. § 1391(a)(2)).

Again, substitute "West Virginia" for "Connecticut," as well as "Woodlark III" for "the non-beneficiaries," and this further demonstrates that the coverage issue should be decided nowhere other than in West Virginia state court.

---

[1] Incidentally, Woodlark III agrees that, based upon *MIIX*, dismissal in the present action is appropriate. The decision, however, also supports this action's non-transfer to Maryland, as well as the following argument on this point.

## **CONCLUSION**

For the foregoing reasons, alternatively to a complete dismissal of the action, the Court should not transfer the action to the United States District Court for the District of Maryland.

MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

_____
DANIEL P. BENNETT, ESQ. I.D. 2842
JOHN A. MACCONI, JR., ESQ. I.D. 4430
1220 North Market Street, Suite 300
Wilmington, DE 19801
(302) 655-2181
Attorney for Defendant(s), Woodlark Properties, III, LP, and Woodlark Enterprises, III, Inc.
MSZL&M File No. 000429.000003

Date: May 27, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN PARK FINANCIAL, LP, WOODLARK PROPERTIES, III, LP, AND WOODLARK ENTERPRISES, III, LP,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 08-144 |

## CERTIFICATE OF SERVICE

I, JOHN A. MACCONI, JR., do hereby certify that on the 27th day of May, 2008, true and correct copies of Defendants', Woodlark Properties, IIII, LP and Woodlark Enterprises, III, LP, Answering Brief to Defendant Green Park Financial, LP's Motion to Dismiss or, in the Alternative, to Transfer to the District of Maryland, were forwarded to counsel as follows via e-filing and first class mail:

Neal J. Levitsky, Esquire
FOX ROTHSCHILD, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE  19899

Seth A. Niederman, Esquire
FOX ROTHCHILD, LLP
919 N. Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

David J. Baldwin, Esquire
POTTER ANDERSON & COROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE 19801

MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

_____
JOHN A. MACCONI, JR. I.D 4430
1220 North Market Street, Suite 300
Wilmington, DE 19801
Attorney for Defendant, WOODLARK PROPERTIES, III, LP,
AND WOODLARK ENTERPRISES, III, LP
**MSZL&M File No. 000429.000003**